OPINION IN SUPPORT OF AFFIRMANCE BY BENDER, P.J.E.:
Appellants, Keith Fields and Gerald Howard Davis, Jr., appeal from the judgments of sentence imposed after they were resentenced following their original sentences being vacated on collateral review. Fields and Davis contend that the post-conviction court lacked jurisdiction to vacate their sentences, and resentence them, at certain counts for which they had completed their sentences or received no further penalty. After careful review, we affirm.
The facts of Fields' and Davis' underlying convictions are not pertinent to our disposition of their appeals. We only briefly note that both men were charged with various offenses stemming from robberies that they, and a third cohort, had committed at nine separate restaurants and convenience stores in Allegheny County, Pennsylvania. On August 29, 2012, Fields and Davis both pled guilty to all of the offenses with which they were charged. Specifically, Fields pled guilty to twenty-three counts of robbery, nine counts each of conspiracy and theft by unlawful taking, eight counts each of terroristic threats and recklessly endangering another person (REAP), six counts of aggravated assault, two counts of persons not to possess a firearm, and one count each of discharging a firearm into an occupied structure, firearms not to be carried without a license, and receiving stolen property. Davis pled guilty to six counts each of robbery, aggravated assault, REAP, and terroristic threats, as well as one count each of discharging a firearm into an occupied structure, *1220 carrying a firearm without a license, theft by unlawful taking, receiving stolen property, and criminal conspiracy.
On January 18, 2013, both men were sentenced, with Fields receiving an aggregate term of 25 to 50 years' incarceration, and Davis receiving an aggregate term of 22 to 44 years' incarceration. This Court affirmed their judgments of sentence on direct appeal. See Commonwealth v. Fields , 104 A.3d 55 (Pa. Super. 2014) (unpublished memorandum); Commonwealth v. Davis , 105 A.3d 46 (Pa. Super. 2014) (unpublished memorandum), appeal denied , 628 Pa. 627, 104 A.3d 2 (2014).
Fields and Davis both then filed timely petitions under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541 - 9546. Counsel was appointed, and amended petitions were filed on their behalf arguing, inter alia , that Fields and Davis had received mandatory minimum sentences for several of their robbery convictions that were rendered illegal by Alleyne v. United States , 570 U.S. 99, 133 S.Ct. 2151, 2163, 186 L.Ed.2d 314 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt).
On February 19, 2016, the PCRA court issued an order granting Davis' petition, vacating his original judgment of sentence in its entirety, and scheduling his resentencing hearing for that same day. At the resentencing proceeding, the court imposed an aggregate term of 17 to 40 years' incarceration. Davis filed a timely notice of appeal from his new judgment of sentence, and he complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On April 11, 2016, the court filed a Rule 1925(a) opinion.
In Fields' case, the PCRA court entered an order on March 11, 2016, granting his PCRA petition in part, to the extent that he challenged the legality of his mandatory-minimum sentences. That order vacated the entirety of Fields' original judgment of sentence, and scheduled his resentencing hearing for April 5, 2016. At the resentencing hearing, the court imposed an aggregate term of 17 to 50 years' incarceration.[1] Fields filed a timely notice of appeal, and he also complied with the trial court's order to file a Rule 1925(b) statement. The trial court issued a Rule 1925(a) opinion on October 21, 2016.
Ultimately, this Court consolidated Fields' and Davis' appeals and assigned their case to a three-judge panel. Before that panel, Fields and Davis presented the following issues, respectively:
Whether the sentencing court had jurisdiction to sentence [Fields] at count 29 ( [c]riminal [c]onspiracy) when the PCRA court had no jurisdiction to grant PCRA relief as to those counts because [Fields'] sentence had already been served as to [that] count[ ]?
Fields' Original Brief at 24.
Whether the sentencing court had jurisdiction to sentence [Davis] at count 5 ( [REAP] ) and count 23 (possession of a firearm) when the PCRA court had no jurisdiction to grant PCRA relief as to those counts because [Davis'] sentence had already been served as to those counts?
Davis' Original Brief at 16.
After hearing oral argument, the three-judge panel requested that Fields' and Davis' case be certified for en banc review, which was unanimously granted by our *1221 Court. Accordingly, their case was assigned to the present, en banc panel, which heard oral argument by Fields and Davis on April 24, 2018. Fields and Davis also both filed substituted briefs, reiterating the identical, single issues set forth supra . See Fields' Substituted Brief (hereinafter, "Fields' Brief") at 22; Davis' Substituted Brief (hereinafter, "Davis' Brief") at 18. We will now address those claims.
Both Fields and Davis argue that under 42 Pa.C.S. § 9543(a)(1)(i), discussed infra , "the PCRA court had no jurisdiction to grant PCRA relief as to those counts" on which their original sentences had already been served, or on which they had received no further penalty. See Fields' Brief at 22; Davis' Brief at 18. More specifically, Davis takes issue with the PCRA court's vacating his no-further-penalty sentences for one count of REAP and one count of possession of a firearm, and then resentencing him to 1 to 2 year terms of incarceration for each of those convictions. See Davis' Brief at 30-31. The only sentence that Fields specifically identifies on appeal is his term of incarceration imposed for his conspiracy conviction at count 29. See Fields' Brief at 33. Fields maintains that at the time he was resentenced in 2016, he had completed his original sentence of 1 to 2 years' incarceration for that offense. Thus, Fields asserts that "[t]he PCRA court lacked jurisdiction to vacate and impose a new sentence as to any counts where [he] had already served his sentence." Id. at 33-34.
We begin by recognizing that "[j]urisdiction is purely a question of law; the appellate standard of review is de novo and the scope of review is plenary." Commonwealth v. John , 854 A.2d 591, 593 (Pa. Super. 2004) (citation omitted). Additionally, to the extent that Fields' and Davis' claims involve statutory interpretation of the PCRA, they constitute "a question of law, and our review is plenary and non-deferential." A.S. v. Pennsylvania State Police , 636 Pa. 403, 143 A.3d 896, 903 (2016) (citation omitted). Our Supreme Court has directed that,
[i]n such cases, the Statutory Construction Act directs courts to ascertain and effectuate the intent of the General Assembly. [ Commonwealth v. Conklin , 587 Pa. 140, 897 A.2d 1168, 1175 (Pa. 2006) ], citing 1 Pa.C.S. § 1921(a). "The statute's plain language generally provides the best indication of legislative intent." See, e.g., McGrory v. Dep't of Transp., ... 591 Pa. 56, 915 A.2d 1155, 1158 ( [Pa.] 2007) ; Commonwealth v. Gilmour Mfg. Co., ... 573 Pa. 143, 822 A.2d 676, 679 ( [Pa.] 2003).
Id.
In the present case, Fields and Davis rely on 42 Pa.C.S. § 9543(a)(1)(i) to support their argument that the PCRA court lacked jurisdiction to disturb their sentences on certain counts. Section 9543, entitled "Eligibility for relief," states:
(a) General rule.--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
(i)currently serving a sentence of imprisonment, probation or parole for the crime;
(ii) awaiting execution of a sentence of death for the crime; or
(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.
42 Pa.C.S. § 9543(a)(1)(i) (emphasis added). Fields and Davis essentially contend *1222 that the 'currently serving a sentence' requirement of section 9543(a)(1)(i) constitutes a bar that petitioners must overcome before the PCRA court has jurisdiction to grant them relief.
We disagree. The plain language of section 9543 does not mention the jurisdiction of the PCRA court, but instead sets forth the eligibility requirements a petitioner must meet in order to obtain post-conviction relief. Notably, the language, "to be eligible for relief," implicates only the petitioner's ability to obtain a remedy through post-conviction proceedings, not the jurisdiction of the PCRA court to act on a petition. Moreover, reading the PCRA statute as a whole, as we must,[2] supports our interpretation of the language of section 9543. Specifically, in drafting the PCRA, the General Assembly included 42 Pa.C.S. § 9545, a separate provision addressing "Jurisdiction and proceedings." Had the General Assembly intended the eligibility requirements of section 9543 to be jurisdictional prerequisites, it would have included that provision within section 9545.
Additionally, the cases on which both Davis and Fields rely do not convince us to adopt a different interpretation of section 9543 than that which its plain language conveys. Each of those decisions simply clarifies that section 9543 requires that a petitioner be serving a sentence of incarceration at the time relief is granted ; if they are not, they are ineligible for post-conviction relief. See Commonwealth v. Ahlborn , 548 Pa. 544, 699 A.2d 718, 720 (1997) (hereinafter, " Ahlborn I ") (holding that the plain language of section 9543(a)(1)(i) requires that a petitioner be serving a sentence of incarceration at the time when relief is granted); Commonwealth v. Matin , 832 A.2d 1141, 1143 (Pa. Super. 2003) (stressing that "[a] petitioner is ineligible for relief under the PCRA once the sentence for the challenged conviction is completed"); see also Commonwealth v. Smith , 609 Pa. 605, 17 A.3d 873, 904 (2011) (reiterating the holding of Ahlborn I that section 9543"preclude[s] PCRA relief where the petitioner is no longer serving a sentence for the crime at the time the PCRA court renders a decision") (citing Ahlborn I , supra ). At no point in Ahlborn I , Smith , or Matin , did our Supreme Court, or this Court, reference the jurisdiction of the PCRA court, or construe section 9543(a)(1)(i) as constituting a jurisdictional prerequisite to the court's ability to grant post-conviction relief.
Although neither Fields nor Davis discuss this Court's en banc decision in Commonwealth v. Ahlborn , 453 Pa.Super. 124, 683 A.2d 632 (1996) (en banc ) (hereinafter, " Ahlborn II "), aff'd by Ahlborn I, supra , we recognize that in that opinion, we stated that the 'currently serving' requirement of section 9543"must be met in order to confer upon a court jurisdiction to hear a PCRA petition." Ahlborn II , 683 A.2d at 637 (emphasis in original). However, the question of whether section 9543 implicates the PCRA court's jurisdiction to rule on a petition was not specifically at issue in Ahlborn II . Instead, the specific issue on which we granted en banc review in Ahlborn II (and on which our Supreme Court subsequently affirmed in Ahlborn I ) was "the point in time (filing or hearing date)
*1223 at which a petitioner satisfies the 'currently serving' requirement of the PCRA." Id. To the extent that, in assessing this issue, we erroneously construed section 9543 as implicating the PCRA court's jurisdiction to hear a petition, we hereby overrule Ahlborn II.
In sum, we conclude that Fields' and Davis' jurisdictional argument misinterprets the plain language of section 9543, as well as the decisions in Ahlborn I , Matin , and Smith . Accordingly, we hold that the requirements set forth in section 9543 establish only a petitioner's eligibility for post-conviction relief, and do not implicate the PCRA court's jurisdiction to act on a petition.
Based on this decision, we next conclude that Fields and Davis have waived their claim for our review. Fields and Davis specifically dispute the PCRA court's 'jurisdiction' to grant them post-conviction relief. See Fields' Brief at 22; Davis' Brief at 18. Contrary to their arguments, the relief granted by the PCRA court was not their resentencing; instead, it was the vacating of their original judgments of sentence, based on the illegality of their mandatory-minimum terms of incarceration. The PCRA court provided Davis this relief in its February 19, 2016 order granting his petition and scheduling resentencing for that same day. Additionally, Fields was afforded his post-conviction sentencing relief in the PCRA court's March 11, 2016 order granting his petition, in part, and scheduling his resentencing hearing for April 5, 2016.
Although it was with these orders that the PCRA court first acted on the at-issue counts by vacating them, thus exposing Fields and Davis to resentencing on those charges, neither Fields nor Davis appealed from those orders.[3] Instead, both men decided to appeal from their judgments of sentence . Because the essence of their issue is that the PCRA court lacked the ability to disturb their sentences on certain counts, which the court did in the PCRA orders vacating those sentences, we hold that Fields and Davis have waived their challenge by not appealing from those orders. See Commonwealth v. Bryant , 566 Pa. 307, 780 A.2d 646, 648 (2001) (concluding that where a petitioner does not file a timely notice of appeal from the PCRA court order, he waives "future review of the decision of the PCRA court").
We also stress that, even if Fields and Davis are properly raising their claim in the present appeals from their judgments of sentence, their argument is still waived. At no point during their resentencing hearings did either Fields or Davis argue that the court lacked the authority to vacate their original sentences, and resentence them, on certain counts for which they were not 'currently serving' a term of incarceration. Moreover, Fields and Davis did not assert any such challenge in a post-sentence motion. Rather, both men waited until the present appeal from their judgments *1224 of sentence to contend, for the first time, that the PCRA court lacked the authority to disturb their original sentences on certain convictions, framing that issue as a non-waivable challenge to the court's jurisdiction. Because we conclude that Fields' and Davis' claim does not implicate the PCRA court's jurisdiction, we also hold that they have waived this issue by presenting it for the first time on appeal. See Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").
Lastly, we recognize that where this Court has jurisdiction, we may address the legality of a sentence. See Commonwealth v. Edrington , 780 A.2d 721, 723 (Pa. Super. 2001) (citations omitted). However, the specific claim that Fields and Davis present herein - i.e. , that under section 9543, the PCRA court lacked 'jurisdiction' to vacate their sentences and resentence them - does not, on its face, fall within any of the three categories of non-waivable, illegal sentencing claims subject to this Court's review and correction. See Commonwealth v. Munday , 78 A.3d 661, 664 (Pa. Super. 2013) (reiterating that the three, narrow categories of cases to which the term of art, 'illegal sentence,' applies "are: (1) claims that the sentence fell 'outside of the legal parameters prescribed by the applicable statute'; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).") (citation omitted).
Moreover, while it might seem that Fields' and Davis' sentencing challenge could fall under the double jeopardy category of illegal sentencing claims, we discern no constitutional violation for several reasons. First, it was Fields and Davis who intentionally upset the finality of their judgments of sentence by challenging them collaterally through their PCRA petitions. In other words, "by filing a petition for collateral relief, [Fields and Davis] assumed the risk that [their] sentencing on the various counts would be adjusted insofar as was necessary to preserve the integrity of the original sentencing scheme." Commonwealth v. Walker , 390 Pa.Super. 76, 568 A.2d 201, 208 (1989), disapproved of on other grounds by Commonwealth v. Robinson , 931 A.2d 15, 20-22 (Pa. Super. 2007) (en banc ). Second, Fields and Davis were both resentenced to lower aggregate terms of incarceration. Our Court has held that no double jeopardy violation occurs in such circumstances. See Commonwealth v. Sutton , 400 Pa.Super. 291, 583 A.2d 500, 502-03 (1990) (declaring that "no double jeopardy violation is implicated where the aggregate sentence upon resentencing does not exceed the original aggregate sentence") (citing Walker , 568 A.2d at 207 n.5 ); see also Commonwealth v. Adams , 350 Pa.Super. 506, 504 A.2d 1264, 1268 (1986) (en banc ) (concluding that, because there was no increase in Adams' aggregate sentence, there was no double jeopardy violation). Third, Fields and Davis were each given credit for time served in their written sentencing orders. Therefore, practically speaking, they will not suffer "multiple punishments for the same offense." Illinois v. Vitale , 447 U.S. 410, 415, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980) (stating that double jeopardy "protects against multiple punishments for the same offense") (internal citations, quotation marks, and some brackets omitted). Accordingly, we perceive no double jeopardy violation that requires us to sua sponte raise such a claim and vacate Fields' and Davis' at-issue sentences based thereon.
Judgments of sentence affirmed.
Judges Panella, Lazarus and Dubow join this opinion in support of affirmance.
Judge Olson files an opinion in support of reversal in which Judges Shogan and Murray join.
Judge Stabile files an opinion in support of affirmance in which Judge Kunselman joins.
*1225 I agree with the learned Majority that section 9543 of the Post Conviction Relief Act ("PCRA") does not implicate the PCRA courts' jurisdiction and, therefore, we must overrule Commonwealth v. Ahlborn , 453 Pa.Super. 124, 683 A.2d 632 (1996) (en banc ), aff'd, 548 Pa. 544, 699 A.2d 718 (1997). I would conclude, however, that Appellants preserved their appellate arguments and, under a proper reading of section 9543, are entitled to relief. Hence, I respectfully concur in part and dissent in part.
As the learned Majority notes, Appellants argue that the PCRA courts lacked jurisdiction to grant relief as to the counts on which their original sentences had already been served, or on which they had received no further penalty. Majority Opinion , ante at 1221. In support of this argument, Appellants cite to 42 Pa. C.S.A. § 9543(a)(1)(i).[1] I agree with the Majority's conclusion that section 9543 does not deal with a PCRA court's jurisdiction. Thus, as this Court held in Ahlborn that section 9543(a)(1)(i) must be met in order to confer jurisdiction upon the PCRA court, that decision must be overruled. I write separately, however, as I believe it is important to clarify what the eligibility requirements in section 9543do implicate and why I believe that Appellants are entitled to relief.
In my view, the eligibility requirements do not implicate the PCRA courts' jurisdiction, nor do they implicate the petitioners' standing to bring a PCRA petition. I conclude that the eligibility requirements in section 9543 correspond more closely with the concept of judicial power. Judicial power is inextricably linked to eligibility requirements such that the PCRA court lacks the judicial power to alter sentences that have already been served.
In order to understand why I believe that section 9543 implicates a court's power, and not its jurisdiction nor a litigant's standing, it is necessary to understand the distinction between the three doctrines. "The distinction between standing, ... subject matter jurisdiction, and judicial power is sometimes subtle; however, it is important." Grimm v. Grimm , 149 A.3d 77, 83 (Pa. Super. 2016), appeal denied , 169 A.3d 25 (Pa. 2017) (citation omitted).
"The doctrine of standing ... is a prudential, judicially created principle designed to winnow out litigants who have no direct interest in a judicial matter. For standing to exist, the underlying controversy must be real and concrete, such that the party initiating the legal action has, in fact, been aggrieved." Commonwealth, Office of Governor v. Donahue , 626 Pa. 437, 98 A.3d 1223, 1229 (2014) (cleaned up). In Pennsylvania, "whether a party has standing to maintain an action is not a jurisdictional question."
*1226 In re Adoption of Z.S.H.G. , 34 A.3d 1283, 1289 (Pa. Super. 2011) (per curiam ) (cleaned up).[2] Thus, an issue relating to standing is subject to waiver. See In re Estate of Brown , 30 A.3d 1200, 1204 (Pa. Super. 2011) (citation omitted).
Subject matter jurisdiction "relates to the competency of the individual court, administrative body, or other tribunal to determine controversies of the general class to which a particular case belongs." Green Acres Rehab. & Nursing Ctr. v. Sullivan, 113 A.3d 1261, 1268 (Pa. Super. 2015) (citation omitted). "Subject matter jurisdiction is not susceptible to waiver." Commonwealth v. Jones , 593 Pa. 295, 929 A.2d 205, 208 (2007) (cleaned up).
"[Judicial authority or p]ower, on the other hand, means the ability of a decision-making body to order or effect a certain result." Michael G. Lutz Lodge No. 5, of Fraternal Order of Police v. City of Philadelphia , 634 Pa. 326, 129 A.3d 1221, 1225 n.4 (2015) (citation omitted). A litigant can waive a challenge to a trial court or administrative body's power to issue an order or decree. See Riedel v. Human Relations Comm'n of City of Reading , 559 Pa. 34, 739 A.2d 121, 124-125 (1999).
Having set forth the differences between standing, subject matter jurisdiction, and judicial power, I turn to why this Court's holding in Ahlborn was incorrect. In Ahlborn , this Court stated,
the issue upon which we granted en banc review ... required us to determine the point in time (filing or hearing date) at which a petitioner satisfies the "currently serving" requirement of the PCRA. This requirement must be met in order to confer upon a court jurisdiction to hear a PCRA petition.
Ahlborn , 683 A.2d at 637 (emphasis in original). The en banc panel in Ahlborn held, using emphasis, that section 9543 is jurisdictional.[3] I believe that that holding is wrong.
It is undisputed that the courts of common pleas may decide this general class of cases, i.e. , PCRA petitions. 42 Pa.C.S.A. § 9545(a) ; see Green Acres , 113 A.3d at 1268 ; Office of Disciplinary Counsel v. Jepsen , 567 Pa. 459, 787 A.2d 420, 422 n.2 (2002). Hence, section 9543 is not a jurisdictional requirement.
This conclusion is consistent with general principles of Pennsylvania statutory interpretation. It is well-settled that "[t]he headings prefixed to titles, parts, articles, chapters, sections[,] and other divisions of a statute shall not be considered to control but may be used to aid in the construction thereof." 1 Pa.C.S.A. § 1924. The heading for section 9545 is "Jurisdiction and proceedings." 42 Pa.C.S.A. § 9545. As the learned Majority noted, if our General Assembly intended for the serving a sentence requirement to be jurisdictional in nature, it would have logically included that provision in section 9545. See Majority Opinion , ante at 1221-22. Instead, it included that requirement in section 9543, the heading for which is "Eligibility for relief." 42 Pa.C.S.A. § 9543. This differentiation in terms indicates that our General Assembly intended to strip courts of jurisdiction *1227 when a petitioner fails to satisfy section 9545's requirements; however, it did not intend to strip a court of jurisdiction when a petitioner fails to satisfy the requirements of section 9543.[4] Therefore, this Court must explicitly overrule Ahlborn .
Moreover, section 9543 does not implicate standing. When properly construed, the eligibility requirements found in section 9543 more closely correlate to the concept of judicial power than standing. Pursuant to the traditional concept of standing, Appellants clearly have standing to pursue their claims. Appellants have a direct interest in this judicial matter because they have been "adversely affected ... by the matter [they] seek[ ] to challenge." Donahue , 98 A.3d at 1229. Specifically, the judgments of sentence they challenged in their PCRA petitions adversely affected Appellants. That is the only traditional requirement necessary for standing under Pennsylvania law.
My conclusion that section 9543 does not implicate standing is further supported when the entirety of section 9543 is considered. The "currently serving a sentence" requirement appears at section 9543(a)(1). Section 9543 includes a second eligibility requirement, section 9543(a)(2). That section requires a petitioner to plead and prove that he or she is entitled to relief for one of several reasons including, inter alia , that he or she received an illegal sentence or that he or she entered an involuntary guilty plea. See 42 Pa.C.S.A. § 9543(a)(2). If a petitioner advanced a meritless illegal sentencing claim or challenge to a guilty plea, we would not say that the petitioner lacked standing. Instead, we would say that the petitioner is not entitled to relief because he or she failed to satisfy the PCRA's eligibility requirements.
The doctrines of standing, subject matter jurisdiction, and judicial power are intertwined. Standing and subject matter jurisdiction are prerequisites to a trial court having the judicial power to issue a decision. See Donahue , 98 A.3d at 1247 ("a party seeking to invoke judicial power must ordinarily demonstrate that it has standing"); In re Sheriff's Excess Proceeds Litig. , 98 A.3d 706, 721 (Pa. Cmwlth. 2014) ("without subject matter jurisdiction, a court is precluded from exercising its judicial power"). This, however, does not imply that a court considering a dispute over which it has subject matter jurisdiction, and which the plaintiff has standing to pursue, can exercise unlimited judicial power. In other words, standing and subject matter jurisdiction are necessary, but insufficient, prerequisites for a court to exercise its judicial power.
In this case, the necessary prerequisites for judicial power, i.e. , jurisdiction and standing, are present. Nonetheless, section 9543 makes petitioners ineligible for relief if they were not currently serving a sentence or waiting to serve a sentence. See Commonwealth v. Stultz , 114 A.3d 865, 872 (Pa. Super. 2015), appeal denied , 633 Pa. 767, 125 A.3d 1201 (2015). I find persuasive the explanation of the en banc Commonwealth Court as to why such a limitation implicates a court's power. In Commonwealth, Office of Open Records v. Ctr. Twp. , 95 A.3d 354 (Pa. Cmwlth. 2014) (en banc ), the Commonwealth Court held that the Office of Open Records had both jurisdiction and the power to effectuate a certain result. It explained, however, that it is possible for an administrative *1228 agency to have subject matter jurisdiction over a dispute but lack the power to grant relief if the participant is ineligible for relief. Id. at 362-363 (collecting cases).
One of those collected cases was Delaware River Port Auth. v. Pa. Pub. Util. Comm'n , 408 Pa. 169, 182 A.2d 682 (1962). In that case, our Supreme Court held that the Public Utility Commission had subject matter jurisdiction over the allocation of costs resulting from construction of crossings; however, it lacked the power to award relocation costs to non-transportation utilities because our General Assembly had not granted it such power. Id. at 686 ; see also Yezerski v. Fong , 58 Pa.Cmwlth. 566, 428 A.2d 736, 737 (1981) (trial court had jurisdiction to consider cases under the Mental Health Procedures Act; however, it lacked the power to order certain relief sought by a litigant).
The same rationale applies in the present circumstances. Appellants had standing to file their petitions and the PCRA courts had jurisdiction to consider the petitions; however, the PCRA courts lacked the judicial power to grant Appellants relief in certain respects. Appellants were not serving a judgment of sentence, or waiting to serve a judgment of sentence, for offenses that the PCRA courts "granted relief on," i.e. , vacated. Our General Assembly has not conferred on courts the power to grant relief in such instances. Hence, the PCRA courts lacked the judicial power to vacate those judgments of sentence.
Having explained why section 9543(a) implicates a trial court's power, I turn to the learned Majority's waiver analysis. A litigant can waive an issue related to a court's power. Riedel , 739 A.2d at 124-125. Nonetheless, I disagree with my learned colleagues' conclusion that Appellants waived their challenges to the PCRA courts' orders vacating their judgments of sentence. Contrary to the representations made by the Majority, the PCRA courts' orders vacating Appellants' judgments of sentence became final after resentencing. See Fields PCRA Order, 4/5/16 2:37 p.m., at 1 (resolving all claims included in Fields' PCRA petition); Davis PCRA Order, 2/19/16 2:42 p.m., at 1 (resolving all claims included in Davis' PCRA petition); N.T., 4/5/17, at 2 (noting that Fields' resentencing hearing occurred in the morning); Davis Sentencing Order, 2/19/16, at 1 (indicating that Davis' resentencing hearing occurred prior to 10:03 a.m. that day); see also Pa.R.A.P. 341(b)(1) (final order must dispose of all claims). Our Supreme Court has held that "the law does not demand the accomplishment of the impossible." Hogg v. Muir , 383 Pa. 413, 119 A.2d 53, 54 (1956). In this case, it was impossible for Appellants to appeal the PCRA orders prior to resentencing.[5]
Moreover, even though Appellants did not expressly argue that section 9543 of the PCRA implicates a PCRA court's judicial authority, Pennsylvania Rules of Appellate Procedure 2116(a) and/or 2119(a) do not require a finding of waiver.[6] In *1229 Erie Ins. Exch. v. Bristol , 639 Pa. 188, 160 A.3d 123 (2017) (per curiam ), our Supreme Court extended the scope of an allocatur grant to include what date the statute of limitations period commenced. Dissenting, Justice Wecht noted that throughout the litigation before this Court, the appellant "did not dispute that the four-year limitations period commenced on the date of the accident." Id. at 126 (Wecht, J. dissenting). Chief Justice Saylor, however, explained that the Supreme Court could decide the issue for two reasons. First, the general thrust of the appellant's argument, i.e. , that there was no legal need to file a complaint before a certain date, was sufficient to preserve the issue. See id. at 124 (Saylor, C.J. concurring). Second, the other party did not argue for waiver. See id. at 124-125.
The same is true in this case. First, throughout this litigation Appellants have argued that the PCRA court lacked the ability to resentence them on crimes for which they were not serving a sentence. This was sufficient to preserve the argument that the PCRA court lacked the judicial power to grant relief with respect to those judgments of sentence. Second, the Commonwealth agrees that we need to address this issue and does not advance a waiver argument. Thus, under our Supreme Court's Erie Insurance Exchange decision, Appellants did not waive their claim under Rules 2116(a) and/or 2119(a). Hence, I believe Appellants preserved their claims for appellate review and that they are entitled to relief thereon as the PCRA court lacked judicial power to alter sentences that were already served or not originally imposed.
Thus, I respectfully concur in part and dissent in part.
Judge Shogan and Judge Murray join this Opinion in Support of Reversal.
I concur fully with the Majority's conclusions that a) section 9543 of the PCRA[1] is not a jurisdictional provision, but rather an eligibility for relief provision[2] , b) section 9545 is the jurisdictional provision under the PCRA, and c) this Court's statement in Commonwealth v. Ahlborn , 453 Pa.Super. 124, 683 A.2d 632 (1996) (en banc ), aff'd by Commonwealth v. Ahlborn , 548 Pa. 544, 699 A.2d 718 (1997), that the "currently serving" requirement under section 9543 to hear a PCRA petition is jurisdictional, was in error. I respectfully dissent however, from the Majority's view that Appellants Fields and Davis waived their claims for review because they appealed only from their resentencing orders and not from the orders vacating their original judgments of sentence, and that they otherwise *1230 waived their claims by presenting them for the first time on appeal. Consequently, I would reach the merits of Appellants' claims, and in doing so, would affirm the resentencing orders of the trial court.
Both Appellants filed Amended PCRA petitions contending they were entitled to be resentenced as a result of the ineffectiveness of their trial counsel who failed to challenge certain mandatory minimum sentences. These mandatory minimums were imposed by the trial court for several robbery convictions among a multitude of other crimes to which they pled.[3] The PCRA court, by orders dated February 19, 2016 and April 5, 2016, for Davis and Fields respectively, granted the PCRA relief requested to vacate the judgments of sentence in their entireties and imposed new judgments of sentence, implicitly if not expressly acknowledging that the sentencing errors upset the original sentencing schemes. Upon resentencing, the trial court imposed lesser aggregate terms of 17 to 40 years' incarceration upon Davis and 17 to 50 years' incarceration upon Fields. In Davis' case, his resentence included 1 to 2 years of incarceration each for carrying a firearm without a license[4] and for one count of REAP. Davis' original sentence imposed a determination of guilty without further penalty for these crimes. In Fields' case, his resentence included incarceration for multiple counts for which he already served his time under his original judgments of sentence or for which he received a determination of guilty without further penalty.[5] Appellants each filed timely appeals from their new judgments of sentence. Neither appealed from the orders granting PCRA relief to vacate their original sentences.
In my opinion, Appellants properly appealed from the resentencing orders to challenge whether the trial court could again sentence them on counts for which they already served their time or for which they received a determination of guilt without further penalty. In my opinion, Appellants could not appeal from the orders granting their PCRA relief vacating their original judgments of sentence as held by the Majority, as they were not aggrieved parties under those orders. I therefore disagree with the Majority that Appellants waived their claims by not appealing from the PCRA orders that vacated their original sentences.
Rule 501 of the Rules of Appellate Procedure provides that "any party who is aggrieved by an appealable order [...] may appeal therefrom." Pa.R.A.P. 501. "An aggrieved party is one who has been adversely affected by the decision from which the appeal is taken." Commonwealth v. Dellisanti , 831 A.2d 1159, 1163 n.7 (Pa. Super. 2003) (en banc ), reversed on other grounds , 583 Pa. 106, 876 A.2d 366 (2005). A prevailing party, by definition, is not an aggrieved party. See Basile v. H & R Block, Inc. , 601 Pa. 392, 973 A.2d 417, 421 (2009) ("Pennsylvania case *1231 law also recognizes that a party adversely affected by earlier rulings in a case is not required to file a protective cross-appeal if that same party ultimately wins a judgment in its favor; the winner is not an aggrieved party .") (emphasis added). A party who is not aggrieved in any way by the matter he seeks to challenge has no standing to obtain judicial resolution of his challenge. See , 20 Pennsylvania Appellate Practice, 2017-2018 Ed. (G. Ronald Darlington, Kevin J. McKeon, Daniel R. Schuckers, Kristen W. Brown, Patrick Cawley) § 501:2. Appellants were the prevailing parties under their amended PCRA petitions because the PCRA court granted the relief they requested and vacated their judgments of sentence. As a result, Appellants were not adversely affected by those orders and consequently, were not aggrieved to confer standing upon them to appeal those orders. On the other hand, had the Commonwealth felt aggrieved by the PCRA orders vacating the Appellants' judgments of sentence, it would have had standing to appeal as it would have been aggrieved by the orders.[6] Accordingly, it is my opinion Appellants properly appealed from the trial court's resentencing orders as aggrieved parties. It is from those orders that Appellants claim the trial court erred by resentencing them for crimes for which they already completed their time or for which no further penalty had been imposed under their original judgments of sentence.
I further disagree with the Majority's alternative waiver analysis that Appellants waived their claims because neither raised them during their resentencing hearings or asserted them in a post-sentence motion. In the Majority's view, both men waived their claims because they waited until the present appeal to contend for the first time that the PCRA court lacked authority to disturb their original sentences on certain convictions. Although not explicitly stated by the Majority, the basis for this alternative waiver conclusion implies that Appellants are seeking review of the discretionary aspects of their resentences. See Commonwealth v. Allen , 24 A.3d 1058, 1064 (Pa. Super. 2011) (an appellant who challenges the discretionary aspects of his sentence must 1) file a timely notice of appeal, 2) preserve the issue at sentencing or in a motion to reconsider and modify sentence, 3) comply with Pa.R.A.P. 2119(f) and 4) demonstrate that the challenge raises a substantial question that the sentence appealed from is not appropriate under the Sentencing Code). To the contrary, Appellants maintain that the issue each raises concerns the legality of their resentences and therefore, the issue may be raised at any time, even for the first time on appeal.
The Majority examines whether Appellants have raised an illegal sentencing claim against the three narrow categories recognized as non-waivable for illegal sentencing claims, those being: (1) claims that the sentence fell outside of the legal parameters prescribed by the applicable statute, (2) claims involving merger/double jeopardy, and (3) claims implicating the rule in Apprendi v. New Jersey , 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Concluding that Appellants claims clearly do not fall within the first or third categories, the Majority examines whether the Appellants' claims concern sentencing illegality under principles of double jeopardy. The Majority concludes that because it perceives no double jeopardy violation (a *1232 conclusion with which I agree) there is no need for this Court to sua sponte raise such a claim and vacate either of Fields' or Davis' at-issue sentences. Majority Opinion at p. 1224.
Since the Majority introduced this double jeopardy analysis as a segue to its alternate waiver conclusion, it is not clear to me whether the Majority believes the issues raised by Appellants do not raise legality claims or if they do, no relief is available under principles of double jeopardy. I certainly view Appellants' claims as invoking illegality, as the claims challenge the sentencing court's ability to impose punishment a second time for crimes Appellants claim their sentences already had been served. See Commonwealth v. Kuykendall , 2 A.3d 559 (Pa. Super. 2010) (whether revocation of SIP sentence and resentencing violated double jeopardy where original sentence of incarceration already had been served at time of revocation). If the Majority's view is that the claims are illegality claims, but no relief is due under principles of double jeopardy, then I find the Majority's analysis does not fully address the issue raised by Appellants. The Majority does not reach the issue raised as to whether the court, after relief is granted under the PCRA, could resentence Appellants as part of an overall resentencing scheme on counts for which they already completed their sentences or for which they received no further penalty.
As I do not believe Appellants waived their claims and that the claims raise issues of sentencing illegality, it is my opinion this Court is obligated to address those claims on the merits. In doing so, I would conclude that the trial court did not err in resentencing Appellants. The Appellants sought and received relief that disrupted their original sentencing schemes. When the PCRA court vacated Appellants' original judgments of sentence, the effect of those orders was to vacate the sentences in their entireties and to render them null and void. Commonwealth v. Colding , 482 Pa. 112, 393 A.2d 404, 408 (1978). The slate was wiped clean and the sentencing court was free to resentence without regard to the original sentence, so long as the new sentences did not impose more severe penalties that ran afoul of double jeopardy principles.[7] Id. As the Majority correctly notes, "by filing a petition for collateral relief, [Appellants] assumed the risk that [their] sentencing on the various counts would be adjusted insofar as was necessary to preserve the integrity of the original sentencing scheme." Commonwealth v. Walker , 390 Pa.Super. 76, 568 A.2d 201, 208 (1989), disapproved of on other grounds by Commonwealth v. Robinson , 931 A.2d 15, 20-22 (Pa. Super. 2007) (en banc ). Majority Opinion at p. 1224. The trial court did precisely that and resentenced Appellants to terms of incarceration less than those imposed under their original sentences.[8] The fact that Appellants also were resentenced on several crimes for which their original sentences already had been served or for which they received no further penalty, is of no moment as the original judgments of sentence became nullities once they were vacated by the PCRA court.
The respective positions of Appellants and the Commonwealth call into question *1233 whether this Court's prior decisions in Commonwealth v. Bartrug , 732 A.2d 1287 (Pa. Super. 1999), appeal denied , 561 Pa. 651, 747 A.2d 896 (1999), and Commonwealth v. Matin , 832 A.2d 1141 (Pa. Super. 2003), appeal denied , 577 Pa. 678, 843 A.2d 1237 (2004), are in conflict with each other. I do not find these cases to be in conflict or in conflict with the decision I would reach in this case.
Both Bartrug and Matin were appeals from orders of a PCRA court. In Bartrug , the sole issue presented was whether the PCRA court erred in vacating an entire sentence rather than addressing only that part of the appellant's sentence that was found to be illegal. The appellant questioned whether the PCRA court had jurisdiction[9] to vacate otherwise legal sentences which were not part of his PCRA petition. The appellant had pled guilty to burglary, theft by unlawful taking or disposition, and receiving stolen property. The trial court sentenced him to 7½ to 15 years imprisonment for theft by unlawful taking . No further sentence was imposed on the other counts. Subsequently, the PCRA court found that the sentence for theft by unlawful taking was illegal, as the maximum term appellant could be sentenced for that conviction was 7 years. The appellant was subsequently resentenced to 7½ to 15 years' incarceration again, but this time incarceration was imposed for the burglary charge, which would have permitted a maximum sentence of 20 years. No further sentence was imposed on the remaining counts, including the count for theft by unlawful taking.
On appeal, this Court held that the trial court did not commit error in its resentencing because our case law held that when a trial court errs in it sentence on one count in a multi-count case, that all sentences for all counts will be vacated so the court can restructure its entire sentencing scheme. This is true even where an appellant limits his appeal to one particular illegal sentence based upon one bill of information and does not appeal sentences based upon other bills of information, where those sentences are part of a common sentencing scheme. We further stated that when a defendant appeals a judgment of sentence, he accepts the risk the Commonwealth may seek a remand for resentencing thereon if disposition in the appellate court upsets the original sentencing scheme of the trial court. In Bartrug, there was no suggestion that the appellant completed serving any part of his sentence at the time relief was granted.
Matin presents a completely different scenario from Bartrug . In Matin , the appellant pled guilty to two counts of robbery, and one count each of criminal conspiracy and possessing a firearm without a license. He was sentenced to an aggregate term of imprisonment of 6 to 20 years, with all sentences running concurrently. The sentence imposed for the firearms violation was 2½ to 5 years imprisonment. On initial appeal to this Court, we reversed and remanded the case to the PCRA court finding that one of the appellant's issues held arguable merit; that being whether trial counsel was ineffective for advising appellant to plead guilty to the firearms violation when appellant had not possessed any firearm during the robbery. Unfortunately, when the case returned to the PCRA court for consideration of this issue, appellant's sentence for the firearms conviction *1234 had expired. Consequently, the PCRA court found appellant no longer was eligible for relief on any issue challenging his conviction and again dismissed his petition. On appeal again to this Court, we were constrained to agree with the PCRA court's analysis. Citing Commonwealth v. Ahlborn , 548 Pa. 544, 699 A.2d 718 (1997), we held that a petitioner is ineligible for relief under the PCRA once the sentence for the challenged conviction is completed. Since appellant completed serving his sentence on the firearms conviction that was the basis for his sentencing challenge when he appeared for the second time before the PCRA court, he no longer was eligible for relief. See 42 Pa.C.S.A. § 9543(a)(1) (eligibility for relief is determined at the time relief is granted).
The result in Bartrug was driven by the fact that the court was entitled to resentence completely, since the sentencing challenge found to have merit upset the sentencing scheme. There was no suggestion the term of incarceration for the conviction upon which the sentence was challenged had expired when relief was granted. In contrast, the PCRA court in Matin did not possess the ability to grant relief because the appellant already completed serving his sentence for the conviction upon which his claim for relief was based. Simply stated, Bartrug and Matin are distinguishable as Bartrug concerned the court's power to fashion relief, whereas Matin concerned whether the court was capable of granting relief. Bartrug and not Matin controls the instant appeals. Here, there is no suggestion that either Fields or Davis completed their sentences for the convictions upon which the trial court illegally imposed mandatory minimum sentences that formed the basis for collateral relief when relief was granted. The PCRA court therefore, possessed the ability to resentence consistent with principles already stated herein governing that process.
Appellants' argument that the PCRA court lacked jurisdiction to resentence them for counts where sentencing time already was completed or for which no further penalty was imposed under their original sentences likewise does not render Bartrug and Matin in conflict. As explained by the Majority, § 9543 of the PCRA that requires a petitioner to be currently serving a sentence to be eligible for relief, is not a jurisdictional provision. Rather, the conditions for establishing jurisdiction are set forth in section 9545 that require timely filed petitions. Since the convictions already completed or for which no further penalty was imposed, did not form the basis for PCRA jurisdiction, and those claims were not the basis upon which relief was granted, the trial court did not err by including those convictions in the new judgments of sentence.
For the foregoing reasons, I respectfully concur and dissent from the Majority, would reach the merits of Appellants' issues, deny relief, and affirm the PCRA court orders.
Judge Kunselman joins this opinion in support of affirmance.

That same day, the PCRA court issued a second PCRA order denying the remainder of Fields' post-conviction claims.

See 1 Pa.C.S. § 1932(a) ("Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things."). The PCRA relates to only one thing - namely, establishing "an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S. § 9542. "Statutes in pari materia shall be construed together, if possible, as one statute." 1 Pa.C.S. § 1932(b).

Clearly, those PCRA orders became final and appealable at some point, whether it was on the day they were entered, or upon the court's resentencing of Fields and Davis (and the court's issuing a second order denying Fields' remaining PCRA claims).See Pa.R.Crim.P. 910 ("An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal."). As this Court recently summarized in Commonwealth v. Grove , 170 A.3d 1127, 1137-38 (Pa. Super. 2017), our Court has disputed precisely when a PCRA order - particularly, a hybrid order that grants resentencing and denies the petitioner's remaining claims - becomes final and appealable. We cannot resolve this contested issue in the present case, however, as neither Fields nor Davis have appealed from the PCRA court's order ruling on their petitions.

Section 9543(a)(1)(i) of the PCRA, provides:
(a) General Rule.--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
(i) currently serving a sentence of imprisonment, probation or parole for the crime[.]
42 Pa. C.S.A. § 9543(a)(1)(i) (emphasis added).

In other jurisdictions, standing is a jurisdictional question. E.g., Nebraska ex rel. Reed v. Nebraska, Game & Parks Comm'n , 278 Neb. 564, 773 N.W.2d 349, 352 (2009) (citations omitted); Steel Co. v. Citizens for a Better Env't , 523 U.S. 83, 110, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

Although our Supreme Court affirmed this Court's decision in Ahlborn , it did not decide whether section 9543 was jurisdictional in nature. The words "jurisdiction" and "standing" do not appear in our Supreme Court's decision. Thus, our Supreme Court's Ahlborn decision is not binding with respect to this issue.

Moreover, Ahlborn 's reliance on federal jurisdictional principles was misguided. Federal constitutional, statutory, and common law treat many limitations as jurisdictional in nature. See, e.g. , note 2 supra . Jurisdictional bars in Pennsylvania are rarer than they are in the federal system.

It was also impossible for Appellants to object to the PCRA courts' power to vacate their judgments of sentence for those offenses for which they were not serving a judgment of sentence, or waiting to serve a judgment of sentence, because the final PCRA orders were not entered until after they were resentenced. Moreover, post-sentence motions are only necessary to preserve weight of the evidence and discretionary aspects claims.

Rule 2116(a) of the Pennsylvania Rules of Appellate Procedure provides that the statement of questions involved set forth in an appellant's brief must "state concisely the issues to be resolved...." Pa.R.A.P. 2116(a). Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure provides that the argument section of an appellate brief shall include "the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).

Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541 -9546.

It long has been settled that the ability of a court to hear or adjudicate a controversy and the power to grant relief are separate and distinct questions. Beltrami Ent. v. Dept. of Environmental Resources , 159 Pa.Cmwlth. 72, 632 A.2d 989 (1993). A court may have jurisdiction to hear a claim
[E]ven though a plaintiff have no standing to bring his action, even though his complaint be demurrable, even though he failed to establish its allegations, even though the court should finally conclude that the relief he seeks should not be granted, nor any or all of the circumstances would enter into, much less determine, the question whether the court had jurisdiction of the litigation.
Id. at 993, citing Sperry & Hutchinson Co. v. O'Connor , 488 Pa. 340, 412 A.2d 539, 541 (1980) (quoting Studio Theate r s, Inc. v. City of Washington , 418 Pa. 73, 209 A.2d 802, 804 (1965).

Davis was charged with 25 and 29 counts under criminal information No.'s CP-02-CR-00004831-1212 and CP-02-CR-00004834-1212, respectively. Fields was charged with 48 and 29 counts under criminal information No.'s CP-02-CR-00004803-1212 and CP-02-CR-00004806-1212, respectively.

18 Pa.C.S.A. § 6106(a)(1). The Majority incorrectly states this conviction as being from one count of possession of a firearm, a different crime codified at 18 Pa.C.S.A. § 6105(a)(1).

For instance, Fields points out that he was resentenced at count 29 of CP-02-CR-00004806-1212, for robbery-threatens serious bodily injury, 18 Pa.C.S.A. § 3701, to 1 to 2 years' incarceration for which his sentence already had been served at time of resentencing. Fields Brief at p. 33.

I, respectfully disagree with my learned colleague in her concurring and dissenting opinion wherein she views resolution of this waiver issue as one concerning the finality of orders from which a party may appeal. Concurring and Dissenting Opinion at pp. 1228-29. Both the PCRA orders and trial court resentencing orders were final orders from which an aggrieved party could appeal. The issue here is one of standing not finality.

In this regard, I am in full accord with the Majority's view that double jeopardy is not triggered here, since Fields and Davis were both resentenced to lower aggregate terms of incarceration, the aggregate sentences imposed upon resentencing did not exceed the original aggregate sentences, and both were given credit for time served in their written sentencing orders. Neither therefore, will suffer multiple punishments for the same offense. See Majority Opinion at p. 1224.

Appellants of course are entitled to credit for time already served.

The different jurisdictional question presented in Bartrug was whether the PCRA court had jurisdiction to vacate otherwise legal sentences after the time for direct appeal had passed and which were not part of the PCRA petition. We concluded that we did not see the PCRA as being an obstacle to resentencing as the power or jurisdiction of the court to act is broadly defined under section 9546 of the PCRA. Id. 732 A.2d at 1289.