J-A07015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VERNON ROBINSON | : | |
| | : | |
| Appellant | : | No. 208 MDA 2020 |

Appeal from the PCRA Order Entered November 19, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001848-2003

BEFORE: BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.: **FILED JULY 13, 2021**

Vernon Robinson appeals from the November 19, 2019 order denying his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA"). We affirm.

This Court previously authored an apt summary of the facts in this case:

> Appellant was arrested after a confidential informant purchased cocaine from him on two separate occasions. He was tried by a judge sitting without a jury and found guilty on two counts each of delivery of a controlled substance, possession of a controlled substance with intent to deliver, simple possession of a controlled substance, possession of drug paraphernalia and criminal use of a communication facility.

***Commonwealth v. Robinson***, 894 A.2d 823 (Pa.Super. 2005) (unpublished memorandum at 1-2). Much of the evidence against Appellant was provided

---

[*] Former Justice specially assigned to the Superior Court.

by Corporal Thomas Ungard, Jr. of the Williamsburg Police Department. He conducted surveillance during these narcotics transactions and videotaped the first exchange on September 16, 2003, which was played for the trial court. *See* N.T. Trial, 6/22/04, at 80-102. At the time, Corporal Ungard was serving as the coordinator of the Lycoming County Drug Task Force. We also note that when Appellant was taken into custody he was driving a "green Pontiac Bonneville." *Id*. at 20-21. It is unclear from the certified record what happened to this vehicle following Appellant's arrest and conviction.[1]

On July 27, 2004, Appellant was sentenced to an aggregate term of sixty to 120 months of incarceration, which included the imposition of a mandatory school zone enhancement.[2] Appellant filed a direct appeal to this Court, which

---

[1] On August 1, 2007, the Commonwealth filed a motion seeking leave to "destroy" or "dispose" of several items seized during Appellant's arrest, which included bags of cocaine, a cell phone, a black bag, and vehicle paperwork. Motion for Disposition of Property, 8/1/07, at ¶¶ 1-5. The court granted the motion and the Lycoming County Drug Task Force was "authorized to dispose of the item or items of evidence itemized in the Commonwealth's motion." Order, 8/7/07. The Commonwealth was ordered to file a written statement within thirty days of the destruction of the property describing its compliance. On April 20, 2009, the Commonwealth filed a statement attesting that the cocaine seized in Appellant's case had been "incinerated" and that the remaining property had been "taken to the landfill to be destroyed." Statement of Manner of Destruction/Disposition, 4/20/09, at ¶¶ 3-4. No mention of Appellant's vehicle appears in either filing.

[2] Although Appellant is currently incarcerated at a federal facility outside Philadelphia, the certified record is silent as to whether he remains subject to any remaining sentence in this case. Based upon the passage of time, it seems likely that Appellant has served the entirety of his term at the above-captioned charges, which would render him ineligible for relief under the Post-
*(Footnote Continued Next Page)*

affirmed his judgment of sentence.  *Id*. at 6.  Thereafter, our Supreme Court, denied Appellant's petition for allowance of appeal on May 9, 2006.  *See Commonwealth v. Robinson*, 898 A.2d 1070 (Pa. 2006) (*per curiam* order).  He did not seek review in the United States Supreme Court.

On February 26, 2007, Appellant filed his first timely *pro se* PCRA and counsel was appointed.  Ultimately, Appellant's first PCRA counsel determined that Appellant's available claims were frivolous and sought to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa.Super. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988).  On December 12, 2007, the PCRA court dismissed Appellant's petition and granted counsel's motion to withdraw.  Appellant did not appeal the dismissal.

Ten years later, on January 5, 2017, Appellant filed a second *pro se* PCRA petition.  Counsel was appointed and, ultimately, counsel sought leave to withdraw under *Turner*/*Finley*.  On October 20, 2017, the PCRA court dismissed Appellant's second petition as untimely and granted counsel's withdrawal motion.  No appeal was filed from that order.

---

Conviction Relief Act ("PCRA").  *See* 42 Pa.C.S. § 9543(a)(1)(i).  Ultimately, we conclude that the PCRA court properly found that it was without jurisdiction to hear Appellant's petition due to untimeliness.  Accordingly, we will not address this issue concerning Appellant's prospective entitlement to relief further in this writing.  *See Commonwealth v. Fields*, 197 A.3d 1217, 1223 (Pa.Super. 2018) (*en banc*) ("[T]he requirements set forth in section 9543 establish only a petitioner's eligibility for post-conviction relief, and do not implicate the PCRA court's jurisdiction to act on a petition.").

On October 18, 2019, Appellant filed his third *pro se* PCRA petition, which forms the basis for this appeal. In this latest filing, Appellant raises claims concerning Corporal Ungard. Several years after Appellant's conviction in July 2006, the Lycoming County District Attorney discovered that Corporal Ungard had inappropriately used a vehicle seized by the Task Force. *See* Motion to Compel Discovery, 11/15/19, at Exhibit 2.[3] Thereafter, an investigation conducted by the Office of the Attorney General of Pennsylvania concluded that he had: (1) transferred vehicles seized by the Task Force to members of his family through sham transactions; (2) destroyed Task Force records; (3) misappropriated funds from the sales of vehicles; and (4) encouraged a witness to lie during the investigation of his conduct. *Id*. On July 22, 2011, a jury found Corporal Ungard guilty of two counts of tampering with or fabricating public records and one count of obstruction of the administration of law. *Id*. On appeal, this Court upheld his conviction for tampering while overturning his conviction for obstruction. *Id*.

Appellant now claims that he saw Corporal Ungard driving his Pontiac Bonneville to the courthouse during Appellant's trial. *See* PCRA Petition, 10/18/19, at 4, 8. In addition to raising a non-specific violation of his due process rights, Appellant asserts without further explanation that "[t]his

---

[3] The exhibit referenced in Appellant's filing is an unpublished memorandum of this Court adjudicating Corporal Ungard's direct appeal. Due to the constraints of Pa.R.A.P. 126(d) and Superior Court I.O.P. 65.37, we do not directly cite to, or quote from, this writing.

information would have undermined [Corporal] Ungard's trial testimony."[4] *Id*. at 4. Appellant does not state with specificity when he first learned of Corporal Ungard's conviction.[5] Yet, Appellant argues that his petition is subject to the exception to timeliness at 42 Pa.C.S. 9545(b)(1)(ii) (permitting the filing of a facially untimely PCRA petition where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence").

On October 24, 2019, the court filed notice of its intent to dismiss Appellant's third PCRA petition pursuant to Pa.R.Crim.P. 907. Specifically, it concluded that the information concerning Corporal Ungard's conviction was covered by the "public records presumption" and, thus, the petition was untimely *See* Order and Opinion, 10/24/19, at 3-4 ("[I]nformation that is a matter of public record cannot be deemed 'unknown' by a PCRA petitioner.") (citing **Commonwealth v. Burton**, 158 A.3d 618, 633 (Pa. 2017)).

Appellant filed a response alleging that he had learned of Corporal Ungard's conviction due to the efforts of unidentified "family members" at

---

[4] Due to the nature of this holding, we express no viewpoint on the merits of Appellant's claims for relief. However, Appellant's assertion that he witnessed Corporal Ungard making unauthorized use of his vehicle during his trial undercuts the entire gravamen of his claim for relief in this matter, namely, that he was unaware of Corporal Ungard's actions until recently.

[5] Appellant represented that he learned of Corporal Ungard's conviction close in time to "police misconduct" surrounding "Rapper Meek Mill," which we understand is a reference to this Court's holding in **Commonwealth v. Williams**, 215 A.3d 1019 (Pa.Super. 2019). PCRA Petition, 10/18/19, at 3.

some point after Corporal Ungard's 2011 conviction. Motion to Compel Discovery, 11/15/19, at 2. On November 18, 2019, the PCRA court dismissed Appellant's third PCRA petition as untimely. On December 11, 2019, Appellant filed a timely notice of appeal to this Court. Both Appellant and the PCRA court have timely complied with the mandates of Pa.R.A.P. 1925.

Appellant has raised a single issue for our consideration in his counseled brief: "Whether the PCRA court's order dismissing the third PCRA petition based on the public record presumption must be reversed and remanded [in] light of **Commonwealth v. Small**, [238 A.3d 1267 (Pa. 2020),] which abrogated the presumption in all cases?"[6] Appellant's brief at 3. The Commonwealth has not filed a brief in response to Appellant's arguments.

"Our standard of review in a PCRA appeal requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions are free from legal error." **Small**, **supra** at 1280. "The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that Court." **Id**. The PCRA court's credibility determinations are binding upon this Court if properly supported by the record. However, we review its legal conclusions *de novo*. **Id**.

_____

[6] Appellant secured private representation during the pendency of this appeal.

"Any PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment of sentence becomes final." **Small**, **supra** at 1280 (citing 42 Pa.C.S. § 9545(b)(1)). "This time constraint is jurisdictional in nature, and is not subject to tolling or other equitable considerations." **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017) (cleaned up).

The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal from his direct challenge to his judgment of sentence on May 9, 2006. Thereafter, his judgment of sentence became "final" for the purposes of the PCRA on August 7, 2006, when his time to petition for a writ of *certiorari* in the United States Supreme Court from the expired. **See** U.S. Sup. Ct. Rule 13(1); 42 Pa.C.S. § 9545(b)(3). Thus, the petition underlying this appeal is facially untimely by more than fifteen years.

The PCRA time bar can "only be overcome by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)-(iii)." **Spotz**, **supra** at 678. Instantly, Appellant's arguments implicate the exception codified at § 9545(b)(1)(ii), which pertains to newly discovered facts. A petitioner invoking this timeliness exception must establish that: (1) the facts upon which the claim was predicated were unknown; and (2) this information could not have been ascertained by the exercise of due diligence. **See**, **e.g.**, **Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016) (citation omitted). Furthermore, "[a]ny petition" invoking this exception must be filed "within one

- 7 -

year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Due diligence demands that the petitioner take "reasonable steps" to protect his own interests. *See Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa.Super. 2001). "A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa.Super. 2010). Finally, we note that this rule is "strictly enforced" under our case law. *Id*.

We agree with Appellant's arguments that the PCRA court's reliance upon the public record presumption was erroneous. At the time that the PCRA court issued its ruling, our Supreme Court had held that the "presumption that information which is of public record cannot be 'unknown' for purposes of subsection 9545(b)(1)(ii) **does not apply** to" *pro se* petitioners. *Burton*, *supra* at 638 (emphasis in original). While acknowledging that Appellant was a bona fide *pro se* litigant when he filed his third PCRA petition, the court relied upon *Commonwealth v. Robinson*, 204 A.3d 326, 339 (Pa. 2018) for the proposition that Appellant could have included this newly discovered evidence claim in his second counseled PCRA petition. *See* Order, 10/24/19, at 3 ("A petitioner represented by counsel on his second PCRA petition [is] subject to the public record presumption during the time he [is] represented for claims which could have been filed.").

As an initial matter, the PCRA court's reliance upon *Robinson* is misplaced as that case was decided by an equally divided Court. "[W]hen a

- 8 -

judgment of sentence is affirmed by an equally divided court . . . no precedent is established and the holding is not binding on other cases." **Commonwealth v. Mosley**, 114 A.3d 1072, 1082 n.11 (Pa.Super. 2015). Even assuming, *arguendo*, that the PCRA court's holding was arguably correct under the law existing at the time, our Supreme Court's holding in **Small** has invalidated this position in the interim. **Small**, **supra** at 1286 ("[W]e disavow the public record presumption. To the extent that earlier decisions, including our own, relied upon and applied that presumption to reject a petitioner's claim, they now are overruled."). Thus, the PCRA court erred in relying upon the public records presumption to find Appellant's petition untimely. **See Commonwealth v. Williams**, 244 A.3d 1281, 1288 (Pa.Super. 2021).

Our analysis, however, does not end there. **Small**, **supra** at 1286 ("The public record presumption has operated only as a barrier to entry; without, the textual requirements of the time-bar exception remain."). This Court may affirm a PCRA court's decision on "any grounds" that are legally correct and factually supported by the certified record. **See Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa.Super. 2012). Setting aside the public records presumption, Appellant's arguments concerning timeliness fail on their own merits because he did not explicitly set forth when he learned of the newly-discovered fact and how he exercised due diligence in discovering that fact in his PCRA petition. His brief to this Court similarly avers only that he "learned of the corruption through his wife who looked into the arresting officers after

learning about an unrelated police corruption case in the Philadelphia area." Appellant's brief at 6. There is no definitively-stated date of discovery for this information. Furthermore, there is no description of any efforts by Appellant to discover this information in the years that have elapsed since his conviction.

As a threshold matter, Appellant has failed to plead and prove that despite due diligence on his part, he could not have discovered the information concerning Corporal Ungard's conviction sooner. While a petitioner is not required to exercise "perfect vigilance," he **is** bound to undertake "reasonable efforts . . . to uncover facts that may support a claim for collateral relief." ***Commonwealth v. Hart***, 199 A.3d 475, 481 (Pa.Super. 2018). While mass media attention concerning an unrelated case eventually prompted a member of Appellant's family to conduct research on his behalf, there is no explanation for more than a decade of inaction by Appellant, particularly in light of his claim to have personally witnessed Corporal Ungard driving his car in 2004.

Accordingly, we conclude Appellant failed to establish the applicability of the timeliness exception at § 9545(b)(1)(ii) to his petition for relief under the PCRA. ***See Commonwealth v. Stokes***, 959 A.2d 306, 311 (Pa. 2008) ("[B]ecause Appellant failed to explain why he did not request these files earlier, he did not establish the due diligence required to excuse him from over a decade of inaction."). Therefore, the PCRA court properly dismissed Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/13/2021