J-S19009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH PAIGE | : | |
| | : | |
| Appellant | : | No. 3755 EDA 2017 |

Appeal from the PCRA Order October 5, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1106341-2002

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM LAZARUS, J.:                       **FILED MAY 21, 2019**

Joseph Paige appeals, *pro se*, from the trial court's order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.   After careful review, we affirm.

Following a jury trial, Paige was found guilty of simple assault in April 2004, and sentenced by the Honorable Willis W. Berry, Jr., to a term of 6-12 months' imprisonment.  On April 7, 2015, Paige filed the instant *pro se* PCRA petition, his first, claiming that "[a]t the time of [his] trial[,] Judge Berry was engaged in an ongoing illegal activity in violation of [the Pennsylvania Constitution]" and that "Judge Berry allowed the [j]ury to review [his] medical records that were altered to prevent crucial information concerning a witness'

_____
* Retired Senior Judge assigned to the Superior Court.

medical records." PCRA Petition, 4/7/15, at ¶ 5.[1] Paige concedes that his petition was filed beyond the one-year statutory time limitation set forth in the PCRA; however, he contends it is "covered by 42 Pa.C.S. § 9545([b])(1) [b]ecause . . . [t]he facts upon which the claim is predicated were unknown to [him] and could not have been ascertained by the exercise[] of [d]ue [d]iligence." *Id.* at ¶ 3.

Paige is correct that his PCRA petition is facially untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (PCRA must be filed within one year of date judgment is final). Thus, the PCRA court lacked jurisdiction to entertain his petition unless he pleads and proves one of the section 9545(b)(1) timeliness exceptions. Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. These exceptions include interference by government officials in the presentation of the claim, newly-discovered facts or evidence, and after-recognized constitutional right. ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have

---

[1] Counsel was appointed to represent Paige on his first PCRA petition. ***See*** Pa.R.Crim.P. 904(C). Counsel, however, later sought and was granted leave to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).

been presented." *Id*; *see also* 42 Pa.C.S.A. § 9545(b)(2).[2] The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003).

Paige argues that exculpatory evidence that was previously unavailable to him has now "become available and [it] would have changed the outcome of [his] trial if it would have been introduced." Appellant's Brief, at 2. The timeliness exception set forth in section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests; a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence. *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015).

Paige first claims that because his trial and sentencing judge, the Honorable Willis W. Berry, Jr., was "engaged in ongoing illegal activity" during his trial, his "trial was a constitutional mockery." Appellant's Brief, at 2. However, Paige does not explain how the "newly-discovered fact" that Judge

_____

[2] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (Dec. 24, 2018), extending the time for filing from sixty (60) days of the date the claim could have been presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Here, the 60-day time limit in section 9545(b)(2) applies to Paige's petition, as he filed his petition on April 7, 2015.

Berry was using his judicial chamber and staff to run his personal real estate business could not have been ascertained sooner by the exercise of due diligence, 42 Pa.C.S. § 9545(b)(10(ii)), where Judge Berry's illegal activities were first made public in 2007. Thus, this claim fails.

Paige also asserts that one of the prosecution's witnesses, Donald Edmonds, was on psychotropic medication at the time of trial and "was not totally aware of his statements." Appellant's Brief, at 2. Paige contends that Judge Berry altered Edmonds' medical records, which he permitted the jury to review at trial. Specifically, he asserts the trial judge omitted Edmonds' medical condition from the records when they were given to the jury, and, as a result, Judge Berry "knowingly allow[ed] the jury to be prejudiced against [him.]" *Id.* Again, Paige does not allege how this information was not known to him prior to 2015 and could not have been ascertained sooner by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii). Thus, this claim must also fail.[3]

---

[3] In addition to the timeliness requirements of the PCRA, petitioners must also be eligible for relief under the statute. *See* 42 Pa.C.S. § 9543(a)(1)(i)("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted . . . currently serving a sentence of imprisonment, probation or parole for the crime[.]"). *See Commonwealth v. Fields*, 197 A.3d 1217 (Pa. Super. 2018) (en banc) (section 9543 requirements establish inmate's eligibility for post-conviction relief, not PCRA court's jurisdiction to act on petition; petitioner must be serving sentence of incarceration at time relief granted or he/she is ineligible for post-conviction relief).

Because Paige has failed to prove a section 9545(b)(1)(ii) exception, the PCRA court did not have the power to address the substantive merits of his PCRA claims. **Brown**, **supra**. Thus, we affirm the PCRA court's[4] order dismissing Paige's petition. **Commonwealth v. Johnston**, 42 A.3d 1120, 1126 (Pa. Super. 2012) (standard of review of order denying PCRA petition is whether determination is supported by evidence of record and free of legal error; PCRA court's findings will not be disturbed unless there is no support for findings in certified record).

Order affirmed.

---

Instantly, Paige was sentenced to 6-12 months in prison on April 26, 2004. Thus, it would appear that at the time the PCRA court ruled upon Paige's instant PCRA petition, his sentence of imprisonment had been served. **See Commonwealth v. Ahlborn**, 699 A.2d 718 (Pa. 1997) (under section 9543(a)(1)(i), as soon as petitioner's sentence is completed, petitioner becomes ineligible for relief, regardless of whether he or she was serving sentence at time PCRA petition filed). Although Paige notes in his brief that he is an inmate at SCI Coal Township, the PCRA judge clarifies this fact, stating that Paige "is currently incarcerated, and was at the time his Petition was filed, [however,] *he was not incarcerated on the charge on which the PCRA petition was based*." PCRA Court Opinion, 6/5/18, at 2 n.1 (emphasis added). Moreover, the PCRA judge avers that "Petitioner's sentence for this conviction had expired long before his PCRA petition" was filed. **Id.** at 2. Because Paige is no longer currently serving his sentence for his 2004 simple assault conviction, we also would find him ineligible for relief under the PCRA. **See** 42 Pa.C.S. § 9543(a)(1)(i).

[4] We note that the judge who authored the Pa.R.A.P. 1925(a) opinion, the Honorable Tracy Brandeis-Roman, is not the same judge who presided over Paige's 2004 trial and is no longer on the bench.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/19