J-S19044-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SARKIS KUYUMJIAN, JR., | : | |
| | : | |
| Appellant | : | No. 2082 EDA 2018 |

Appeal from the PCRA Order Entered June 19, 2018
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002079-1995

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SARKIS KUYUMJIAN, JR., | : | |
| | : | |
| Appellant | : | No. 2084 EDA 2018 |

Appeal from the PCRA Order Entered June 19, 2018
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002077-1995

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SARKIS KUYUMJIAN, JR., | : | |
| | : | |
| Appellant | : | No. 2085 EDA 2018 |

Appeal from the PCRA Order Entered June 19, 2018
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002298-1995

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SARKIS KUYUMJIAN, JR., | : | |
| | : | |
| Appellant | : | No. 2089 EDA 2018 |

Appeal from the PCRA Order Entered June 19, 2018
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002492-1995

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SARKIS KUYUMJIAN, JR., | : | |
| | : | |
| Appellant | : | No. 2093 EDA 2018 |

Appeal from the PCRA Order Entered June 19, 2018
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002495-1995

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SARKIS KUYUMJIAN, JR., | : | |
| | : | |
| Appellant | : | No. 2094 EDA 2018 |

Appeal from the PCRA Order Entered June 19, 2018
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002496-1995

J-S19044-19

COMMONWEALTH OF PENNSYLVANIA,  :  IN THE SUPERIOR COURT OF
                                 :         PENNSYLVANIA
                    Appellee     :
                                 :
            v.                   :
                                 :
SARKIS KUYUMJIAN, JR.,           :
                                 :
                    Appellant    :  No. 2097 EDA 2018

Appeal from the PCRA Order Entered June 19, 2018
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002078-1995

BEFORE:   LAZARUS, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED JUNE 07, 2019**

Sarkis Kuyumjian, Jr. (Appellant) appeals from the order entered on June 19, 2018, dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On February 8, 1996, Appellant entered a plea at seven cases, pleading guilty to two counts each of involuntary deviate sexual intercourse (IDSI), corrupting the morals of children, and indecent assault, and one count each of obscene/sexual materials and sexual abuse of children.  He also pleaded *nolo contendere* to one count each of corrupting the morals of children and indecent assault (collectively, the 1995 cases).  On March 22, 1996, Appellant was sentenced to an aggregate term of 10 to 20 years of imprisonment, to be followed by five years of probation.  Appellant filed a direct appeal to this Court, which he withdrew on August 19, 1996.

* Retired Senior Judge Assigned to the Superior Court.

- 3 -

On May 12, 1999, Appellant filed his first PCRA petition. Counsel was appointed, and the PCRA court dismissed that petition as untimely filed. On June 13, 2003, this Court affirmed the order dismissing that petition. *Commonwealth v. Kuyumjian*, 830 A.2d 1048 (Pa. Super. 2003) (unpublished memorandum).

Appellant was released from prison on May 12, 2010. He was on parole until June 13, 2015, after which time he began serving a sentence of probation. His maximum date for that term of probation is June 13, 2020.

On July 13, 2017, Appellant was arrested and charged at a new case, docket number CP-23-CR-0004975-2017, for failure to comply with registration requirements imposed as a result of the 1995 cases.[1] In addition, he was detained for violating the terms of his probation in the 1995 cases.[2] Appellant waived his *Gagnon I*[3] hearing and filed a petition for writ of *habeas corpus*. Appellant's detainer was lifted, and he withdrew the petition for writ of *habeas corpus*. On January 16, 2018, Appellant filed a

---

[1] This case was *nolle prossed* on February 26, 2018.

[2] At this point, Appellant was serving a probationary sentence only, imposed at docket numbers 2079 of 1995 (2082 EDA 2018) and 2496 of 1995 (2094 EDA 2018), relating to guilty pleas for corrupting the morals of children and indecent assault, respectively. Appellant is no longer serving any other sentence.

[3] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

PCRA petition regarding the 1995 cases, which was followed by an amended PCRA petition on March 8, 2018.[4]

In his amended PCRA petition, Appellant contended that when he pleaded guilty in 1996, he was never "advised or informed … that he would be subject to the punitive nature of" the registration provisions of Pennsylvania's Sex Offender Registration and Notification Act (SORNA).[5] Amended PCRA Petition, 3/8/2018, at ¶ 17. Appellant further contended his petition was timely filed pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017)[6] and **Commonwealth v. Rivera-Figueroa**, 174 A.3d 674 (Pa. Super. 2017). Amended PCRA Petition, 3/8/2018, at ¶¶ 24-25.

The Commonwealth filed answers to the petitions, and on May 16, 2018, the PCRA court issued notices of its intent to dismiss the petitions without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not respond, and the PCRA court dismissed the petitions on June 19, 2018.

---

[4] Subsequently, on May 30, 2018, the revocation court held a **Gagnon II** hearing. At that hearing, the revocation court found Appellant in violation of the terms of his probation and sentenced Appellant to a new term of five years of probation. **See** N.T., 5/30/2018.

[5] It is worth noting that SORNA did not become law until 2012, so it is unsurprising that Appellant was not informed of SORNA-related requirements when he was sentenced in 1996.

[6] In **Muniz**, our Supreme Court held that certain registration provisions of SORNA are punitive and retroactive application of those provisions violates the *ex post facto* clause of the Pennsylvania constitution.

Appellant timely filed notices of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, [7] Appellant argues these "*ex post facto* registration requirements" have deprived him of the benefit of his bargain. Appellant's Brief at 11. However, we cannot reach this issue until we first determine whether this petition was timely filed.

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented."[8] 42 Pa.C.S. § 9545(b)(2).

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). When a defendant voluntarily discontinues a direct appeal,

_____

[7] Appellant suggests that this appeal relates only to his cases where he pleaded guilty to IDSI, 2077 of 1995 (2084 EDA 2018) and 2492 of 1995 (2089 EDA 2018). Appellant's Brief at 11. However, as discussed *infra*, Appellant is not eligible for PCRA relief on these cases because he is no longer serving a sentence for either of them.

[8] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) in order to extend the time for filing a petition from 60 days to one year from the date the claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018.

his judgment of sentence becomes final on the date of discontinuance. ***See***

***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008)

(citation omitted).

Here, Appellant was sentenced on March 22, 1996. He filed a direct appeal, which he discontinued on August 19, 1996. Thus, his judgment of sentence became final on August 19, 1996, and he had one year, or until August 19, 1997, to file timely a PCRA petition. As such, Appellant's January 16, 2018 petition is facially untimely, and he was required to plead and prove an exception to the timeliness requirements.

In his petition and on appeal, Appellant attempts to invoke the new-retroactive-right exception[9] by invoking ***Muniz*** and ***Rivera-Figueroa***. Amended PCRA Petition, 3/8/2018, at ¶ 24; Appellant's Brief at 12. This Court considered whether ***Muniz*** applied under similar circumstances in

---

[9] This exception provides as follows.

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> ***
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(iii).

***Commonwealth v. Murphy***, 180 A.3d 402 (Pa. Super. 2018).  In that case, this Court acknowledged

> that **this Court** has declared that, "***Muniz*** created a substantive rule that retroactively applies in the collateral context." ***Commonwealth v. Rivera−Figueroa***, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [Murphy's] PCRA petition is untimely (unlike the petition at issue in ***Rivera−Figueroa***), he must demonstrate that the **Pennsylvania Supreme Court** has held that ***Muniz*** applies retroactively in order to satisfy [sub]section 9545(b)(1)(iii).  Because at this time, no such holding has been issued by our Supreme Court, [Murphy] cannot rely on ***Muniz*** to meet th[e third] timeliness exception.

***Murphy***, 180 A.3d at 405-06 (emphasis in original; some citations omitted).

In other words, this Court concluded that the holding in ***Muniz*** does not apply at this point to untimely-filed PCRA petitions.  This Court acknowledges that "if the Pennsylvania Supreme Court issues a decision holding that ***Muniz*** applies retroactively, [Appellant] can then file a PCRA petition, within [one year] of that decision, attempting to invoke the 'new[-]retroactive[-]right' exception in [sub]section 9545(b)(1)(iii)." ***Murphy***, 180 A.3d at 406 n.1.

Based on the foregoing, we conclude that Appellant's petition was filed untimely, and he has not proven an exception to the timeliness requirements.  Thus, he is not entitled to relief.[10]  ***See Commonwealth v.***

---

[10] We also point out that Appellant is not eligible for PCRA relief in any case for which he has completed serving his sentence. ***See*** 42 Pa.C.S. § 9543(a)(1)(i) ("To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence … [t]hat the
*(Footnote Continued Next Page)*

***Albrecht***, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 6/7/19

---

*(Footnote Continued)* ————

petitioner has been convicted of a crime under the laws of this Commonwealth and at the time relief is granted[, he is] currently serving a sentence of imprisonment, probation or parole for the crime[.]"). This eligibility provision is not a jurisdictional requirement; therefore, because Appellant's petition was filed untimely, we affirm the order of the PCRA court on the jurisdictional basis. ***See Commonwealth v. Fields***, 197 A.3d 1217, 1223 (Pa. Super. 2018)(*en banc*) (holding "that the requirements set forth in section 9543 establish only a petitioner's eligibility for post-conviction relief, and do not implicate the PCRA court's jurisdiction to act on a petition").