J-A18020-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RONNIE AUSTIN | : | |
| | : | |
| Appellant | : | No. 1460 WDA 2019 |

Appeal from the PCRA Order Entered August 30, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0000214-1997

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RONNIE AUSTIN | : | |
| | : | |
| Appellant | : | No. 1461 WDA 2019 |

Appeal from the PCRA Order Entered August 30, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0000213-1997

BEFORE:  BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    FILED SEPTEMBER 04, 2020

In this consolidated appeal, Appellant, Ronnie Austin, appeals from the Order entered on August 30, 2019, in the Court of Common Pleas of Fayette County, dismissing his seventh Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

On November 19, 1997, a jury convicted Appellant of First-Degree Murder, Retaliation Against a Witness, and Criminal Conspiracy,[1] related to the June 1995 murder of Patricia Flo Malec ("the Victim"). The trial court sentenced Appellant to life in prison. This Court affirmed the Judgment of Sentence, and our Supreme Court denied allocatur on September 8, 1999. Commonwealth v. Austin, 737 A.2d 1268 (Pa. Super. 1999) (unpublished memorandum), appeal denied, 743 A.2d 913 (Pa. 1999). Therefore, Appellant's sentence became final on December 7, 1999.[2] Since that time, Appellant has filed numerous PCRA Petitions, none of which have garnered relief. Appellant filed the instant Petition, his seventh, on June 16, 2017.

The following brief history is necessary to our disposition. The Commonwealth listed Peggy Franks as a Commonwealth witness for Appellant's trial. Ten days before trial, Ms. Franks signed a written statement that identified someone other than Appellant as the one who killed the Victim ("the 1997 Statement").

At trial, however, Ms. Franks testified that it was Appellant and his two co-defendants who murdered the Victim. PCRA Ct. Op., 8/30/19, at 4-6. When Appellant's counsel questioned Ms. Franks about the 1997 Statement, she denied making it but admitted that a private investigator wrote the 1997 Statement in her presence. Id. at 6-12.

_____

[1] 18 Pa.C.S. §§ 2502(a), 4953(a), and 903, respectively.

[2] See Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13 (petition for writ of certiorari must be filed within 90 days of final judgment).

With this background in mind, we move forward in time to the events leading up to Appellant's instant Petition. In February 2017, Ms. Franks contacted a mutual friend she shared with Appellant's sister. Id. at 18, 20. As a result of that contact, Appellant's sister hired a private investigator who, in April 2017, spoke with Ms. Franks about the Victim's murder. Ms. Franks gave the private investigator a new statement ("the 2017 Statement") in which, in relevant part, she recanted her trial testimony that identified Appellant as the person who killed the Victim. Id. at 16-18. Ms. Franks concluded that she did not believe that Appellant killed the victim. Id.

Appellant filed the instant PCRA Petition on June 16, 2017. Appellant argued that Ms. Franks' 2017 Statement contained "new facts" to invoke the newly-discovered facts exception to the PCRA time-bar. PCRA Petition, 6/16/17, at 7-10. Substantively, Appellant raised an after-discovered evidence claim and a Brady[3] claim based on facts contained in the 2017 Statement. Id. at 11-19, 23.

The court held hearings on November 15, 2017, and February 26, 2018, at which Ms. Franks affirmed the contents of her 2017 Statement. PCRA Ct. Op., 8/30/19, at 18-22. Ms. Franks' son, Aaron Franks, also testified, stating that he spent "six, seven hours" with Appellant on the day of the Victim's death. Id. at 23.

_____

[3] Brady v. Maryland, 373 U.S. 83 (1963).

Thereafter, the court denied Appellant's Petition as untimely, finding that he failed to satisfy the new fact and due diligence requirements of the newly-discovered facts exception to the PCRA time-bar. PCRA Ct. Op., 8/30/19, at 24-26.

Appellant timely filed a Notice of Appeal and complied with Pa.R.A.P. 1925. The PCRA court filed a Statement in Lieu of Opinion, referring this Court to its Opinion and Order filed August 30, 2019.

Appellant presents three issues for our review:

1. Whether Brady violations, committed at Appellant's trial and admitted by the Commonwealth at his 2017 PCRA Hearing, warrant a new trial;

2. Whether Aaron Franks' after-discovered alibi testimony at the 2018 PCRA Hearing warrants a new trial; and

3. Whether Peggy Franks['] new, exculpatory testimony required a new trial wherein new facts clearly would have resulted in a different verdict had a jury heard this exculpatory new evidence.

Appellant's Br. at 3 (reordered for ease of analysis and issues 1 and 2 rephrased for clarity).

We review an order denying PCRA relief to determine whether the evidence of record supports the court's decision and if the decision is otherwise free from legal error. Commonwealth v. Paddy, 15 A.3d 431, 441-42 (Pa. 2011). We begin by addressing the timeliness of Appellant's Petition because the PCRA time limitations implicate our jurisdiction. Commonwealth v. Kretchmar, 189 A.3d 459, 462 (Pa. Super. 2018). Our standard of review

over jurisdictional questions is de novo, and our scope of review is plenary. Commonwealth v. Fields, 197 A.3d 1217, 1221 (Pa. Super. 2018).

Initially, we agree with the PCRA court that Appellant's instant Petition is patently untimely. Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves that one of the three exceptions to the PCRA time-bar applies. 42 Pa.C.S. § 9545(b)(1). The petitioner must plead and prove that: (1) interference by government officials in violation of the Constitution or laws of the Commonwealth or the United States caused the petitioner's failure to raise the claim earlier; (2) the facts underlying the claim were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (3) the asserted right is a new constitutional right, recognized and held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

In his first issue, Appellant presents a Brady claim. Appellant's Br. at 21-35. He asserts that at the 2017 PCRA Hearing, the Commonwealth revealed previously undisclosed leniency it provided to Ms. Franks. Id. 23-25, 30. Similarly, in Appellant's second issue, he argues that he learned about Aaron Franks' alibi testimony for the first time at the 2018 PCRA Hearing. Appellant's Br. at 46-51.

Appellant's Brady and alibi claims are premature. Since Appellant claims that he first learned of them at the PCRA Hearings, he could not and did not allege those claims in his PCRA Petition. It is axiomatic that "[i]ssues

- 5 -

not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302. Thus, Appellant waived our consideration of those claims.

In his third issue, Appellant presents an after-discovered evidence claim. Appellant's Br. at 36-45. The PCRA court found that Appellant failed to establish the court's jurisdiction to decide the merits of this issue, because he failed to plead and prove any of the exceptions to the PCRA time-bar. PCRA Ct. Op., 8/30/19, at 24-26.

In his question presented, Appellant does not challenge, or even reference, the PCRA court's finding that it lacked jurisdiction to review the merits of his claim. Because Appellant failed to raise any challenge to the PCRA court's finding on jurisdiction in his question presented, Appellant waived our consideration of his third issue.[4] See Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

In summation, Appellant waived our consideration of his first and second issues by failing to raise them in the lower court. He waived our consideration of his third issue because he failed to challenge the PCRA court's finding that

_____

[4] Even if not waived, we agree with the PCRA court that the 2017 Statement did not present a "new fact" for the purposes of the newly-discovered facts exception to the PCRA time-bar. PCRA Ct. Op., 8/30/19, at 24-26. Ms. Franks stated the same fact in her 1997 and 2017 Statements: she does not believe Appellant killed the Victim. Id.

it lacked jurisdiction to decide the issue on the merits. We, therefore, discern no error by the PCRA court in dismissing Appellant's Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/04/2020