J-A22018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN C. MORRISON | : | |
| | : | |
| Appellant | : | No. 1124 MDA 2019 |

Appeal from the PCRA Order Entered June 11, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003366-2014

BEFORE: SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.: **FILED DECEMBER 21, 2020**

Appellant, Steven C. Morrison, appeals from the June 11, 2019 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court summarized the relevant facts and procedural history of this matter as follows:

> On or about July 10, 2014, the Spring Township Police entered the home of defendant at 112 Bainbridge Circle, Sinking Spring, Berks County PA pursuant to a valid search warrant. Once inside, the police found approximately 8 grams of cocaine and approximately 6 grams of marijuana. [Appellant] disclosed the location of both of these quantities of drugs. Following a jury trial, [Appellant] was acquitted of possession of the cocaine with the intent to deliver it. He was convicted of simple possession[1] of both the cocaine and the marijuana.

---

[1] 35 P.S. § 780-113(a)(16).

PCRA Court Opinion, 9/17/19, at 2 (internal footnote omitted).

> On August 25, 2015, [Appellant] was sentenced to a split sentence with part I being a sentence of incarceration of eleven (11) months to twenty three (23) months in the Berks County Jail System followed by part II, one (1) year of probation. There was no post sentence motion or a direct appeal filed.
>
> On August 18, 2016, [Appellant] filed a pro se petition under the Post Conviction Relief Act (PCRA) and PCRA Counsel Osmer Deming was appointed on September 16, 2016. An amended PCRA petition was filed on February 2[5], 2019. A hearing on the amended petition raising the issue of ineffective assistance of counsel for failure to file a requested post[-]sentence motion and direct appeal was held on May 31, 2019. [Appellant's] request for relief under the PCRA was denied on June 11, 2019. On July 9, 2019, [Appellant] filed a timely notice of appeal. On July 16, 2019, counsel was ordered to file a 1925(b) Statement. Counsel requested an extension of time to file the 1925(b) statement which was granted on August 1, 2019. On August 23, 2019, [Appellant] filed his timely Concise Statement of Errors Complained of on Appeal.

PCRA Court Opinion, 9/17/19, at 1.[2]

> On appeal, Appellant presents the following issues:
>
> I. Was trial counsel ineffective for failing to assert that the search warrant violated Article I, §8 of the Pennsylvania Constitution when trial counsel did not challenge the veracity of the Confidential Informant, request to question the Confidential Informant or, in the alternative, request the Court to question the Confidential Informant?
>
> II. Was trial counsel ineffective for failing to conduct meaningful discovery and investigate [Appellant's] case thoroughly?

---

[2] The record reflects that Attorney Deming represented Appellant in the filing of the amended PCRA petition and the Pa.R.A.P. 1925(b) statement. Amended PCRA Petition, 2/25/19; Pa.R.A.P. 1925(b) Statement, 8/23/19.

Appellant's Brief at 5.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id.**

Before we reach the merits of the issues Appellant raises, we must determine if these issues are properly before us. Although the issues presented in Appellant's brief correspond with the issues raised in Appellant's August 23, 2019 Pa.R.A.P. 1925(b) statement, these issues were not presented to the PCRA court. The record reveals that in his amended PCRA petition, Appellant claimed that his trial counsel was ineffective for failing to file a post-sentence motion and a direct appeal. Amended PCRA Petition, 2/25/19, at 4. However, the issues Appellant now attempts to raise on appeal were not presented until Appellant filed his Pa.R.A.P. 1925(b) statement. Appellant's failure to raise these issues in the PCRA court prior to filing his Pa.R.A.P. 1925(b) statement results in waiver of these issues on appeal. **Commonwealth v. Rigg**, 84 A.3d 1080, 1085 (Pa. Super. 2014); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

For the reasons set forth above, we conclude that Appellant failed to preserve any issues for this Court's consideration.[3]  Accordingly, we affirm the PCRA court's order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2020

_____

[3] It is unclear from the record if Appellant is even eligible for PCRA relief.  **See Commonwealth v. Rosenthal**, 233 A.3d 880, 887 (Pa. Super. 2020) (stating that in order to be eligible for PCRA relief, the petitioner must be, *inter alia*, "currently serving a sentence of imprisonment, probation or parole for the crime") (quoting 42 Pa.C.S. § 9543(a)(1)(i)).  Herein, Appellant was sentenced on August 25, 2015, with a maximum supervision period of thirty-five months.  If Appellant began serving his sentence on the date it was imposed, the mechanical expiration date for his sentence in this case was July 25, 2018.  However, the record does not reveal if Appellant was first serving another sentence that would have delayed him serving the sentence in this case.  The PCRA court noted that it could not make a determination on this issue because neither party provided a sufficient evidentiary basis.  PCRA Court Opinion, 9/17/19, at 3.  A determination concerning whether Appellant is currently serving a sentence implicates Appellant's eligibility for PCRA relief; however, it is not a jurisdictional threshold.  **Commonwealth v. Fields**, 197 A.3d 1217, 1223 (Pa. Super. 2018) (*en banc*).  Because Appellant failed to preserve any issues for our review, we conclude that we need not address this eligibility factor any further; even if Appellant was eligible, we have concluded that he is entitled to no relief.