J-S36025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DIMITRY KUPERSCHMIDT | : | |
| | : | |
| Appellant | : | No. 874 EDA 2021 |

Appeal from the PCRA Order Entered March 29, 2021
In the Court of Common Pleas of Pike County
Criminal Division at No(s):  CP-52-CR-0000423-2014

BEFORE:   LAZARUS, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                     Filed: December 23, 2021

Appellant, Dimitry Kuperschmidt, appeals from the order entered in the Pike County Court of Common Pleas, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We dismiss the appeal.

The PCRA court set forth the relevant facts and procedural history as follows:

> [Appellant] was charged with two hundred seventeen (217) counts related to a fraudulent voting scheme in a 2014 election held by the Wild Acres Community Association.  In particular, the fraudulent acts involved filling out election ballots of S.Q.S. property owners in the community. Following trial, the jury returned a verdict of guilty on one hundred ninety (190) counts.  Appellant was found not guilty on twenty-seven (27) counts for the offenses of identity theft, tampering with records or identification, and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

forgery. Appellant's original sentencing took place on September 8, 2016, during which he received a total aggregate sentence of not less than twelve (12) months not more than twenty-nine (29) months of incarceration in a state prison.

(PCRA Court Opinion, filed 7/20/21, at 1).

On direct appeal, this Court reversed the conviction for criminal use of a communication facility, vacated the judgement of sentence and remanded the matter for resentencing. *See Commonwealth v. Kuperschmidt*, 185 A.3d 1093 (Pa.Super. 2018) (unpublished memorandum), *appeal denied*, 647 Pa. 313, 189 A.3d 378 (2018). On November 1, 2018, the trial court resentenced Appellant and imposed the same aggregate sentence of 12 to 29 months' imprisonment. Once again, Appellant appealed and this Court vacated the judgment of sentence and remanded for resentencing, holding that the trial court imposed an illegal sentence on one count of attempted identity theft, where the minimum sentence for that crime exceeded one-half of the maximum sentence. *See Commonwealth v. Kuperschmidt*, 221 A.3d 312 (Pa.Super. 2019) (unpublished memorandum), *appeal denied*, ___ Pa. ___, 234 A.3d 400 (2020). The trial court resentenced Appellant on July 17, 2020, maintaining an aggregate sentence of 12 to 29 months' imprisonment.

Appellant filed a timely counseled PCRA petition on February 25, 2021. On March 9, 2021, the PCRA court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. Specifically, the court noted that Appellant was not serving a sentence of imprisonment, probation, or

parole at the time the notice was issued and ineligible for PCRA relief. Appellant did not respond to the Rule 907 notice and the court dismissed the PCRA petition on March 29, 2021.[2]

On April 26, 2021, Appellant timely filed a *pro se* notice of appeal. On the same day, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied on May 14, 2021. Appellant's counsel filed a motion to withdraw on August 2, 2021, which the court granted on September 1, 2021. On October 12, 2021, Appellant filed a *pro se* appellate brief with this Court.[3]

Preliminarily, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **Id.**; **Commonwealth v. Lyons**, 833 A.2d 245 (Pa.Super. 2003)[, *appeal denied*, 583 Pa. 695, 879 A.2d 782 (2005)]. Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. **Id.** at 252. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be

---

[2] Appellant avers that his counsel responded to the Rule 907 notice by sending a letter to the PCRA court's chambers on March 25, 2021. However, the PCRA court noted that this letter was not properly filed with the Prothonotary's office and therefore, is not part of the record.

[3] We note that PCRA counsel was privately retained. Nothing in the record suggests that Appellant is indigent and entitled to the appointment of counsel for this appeal.

his undoing. ***Commonwealth v. Rivera***, 685 A.2d 1011
([Pa.Super.] 1996).

***In re Ullman***, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610

Pa. 600, 20 A.3d 489 (2011) (quoting ***Commonwealth v. Adams***, 882 A.2d

496, 497-98 (Pa.Super. 2005)). The applicable rules of appellate procedure

mandate that an appellant's brief **shall** consist of the following matters,

separately and distinctly entitled and in the following order:

(1)   Statement of jurisdiction.

(2)   Order or other determination in question.

(3)   Statement of both the scope of review and the standard of review.

(4)   Statement of the questions involved.

(5)   Statement of the case.

(6)   Summary of argument.

(7)   Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)   Argument for appellant.

(9)   A short conclusion stating the precise relief sought.

(10)  The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11)  In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to [Rule] 1925(b) was entered.

Pa.R.A.P. 2111(a).  Further,

> Briefs and reproduced records **shall** conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101 (emphasis added).  ***See also*** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief).

Regarding the statement of questions involved section of an appellate brief, Rule 2116(a) states:

**Rule 2116.  Statement of Questions Involved**

> **(a)  General rule.**—The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail.  The statement will be deemed to include every subsidiary question fairly comprised therein.  **No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.**  Each question shall be followed by an answer stating simply whether the court or government unit agreed, disagreed, did not answer, or did not address the question.  If a qualified answer was given to the question, appellant shall indicate the nature of the qualification, or if the question was not answered or addressed and the record shows the reason for such failure, the reason shall be stated briefly in each instance without quoting the court or government unit below.

Pa.R.A.P. 2116(a) (emphasis added).  Additionally, Rule 2119(a) provides:

**Rule 2119.  Argument**

> **(a)  General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and

> shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa.Super. 2007), *appeal denied*, 596 Pa. 703, 940 A.2d 362 (2008) (internal citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Id.* If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived. *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa.Super. 2006) (holding appellant waived issue on appeal where he failed to support claim with relevant citations to case law and record). *See also In re R.D.*, 44 A.3d 657 (Pa.Super. 2012), *appeal denied*, 618 Pa. 677, 56 A.3d 398 (2012) (holding appellant waived issue, where argument portion of appellant's brief lacked meaningful discussion of, or citation to, relevant legal authority regarding issue generally or specifically; appellant's lack of analysis precluded meaningful appellate review).

Additionally, to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that he is currently serving a sentence of imprisonment, probation or parole at the time that relief is granted. *See* 42 Pa.C.S.A. § 9543(a).

[S]ection 9543 requires that a petitioner be serving a sentence of incarceration at the time relief is granted; if they are not, they are ineligible for post-conviction relief. ***See Commonwealth v. Ahlborn***, 548 Pa. 544, 699 A.2d 718, 720 (1997) … (holding that the plain language of section 9543(a)(1)(i) requires that a petitioner be serving a sentence of incarceration at the time when relief is granted); ***Commonwealth v. Matin***, 832 A.2d 1141, 1143 (Pa. Super. 2003) (stressing that "[a] petitioner is ineligible for relief under the PCRA once the sentence for the challenged conviction is completed"); ***see also Commonwealth v. Smith***, 609 Pa. 605, 17 A.3d 873, 904 (2011) (reiterating the holding of ***Ahlborn*** that section 9543 "preclude[s] PCRA relief where the petitioner is no longer serving a sentence for the crime at the time the PCRA court renders a decision") (citing ***Ahlborn, supra***).

***Commonwealth v. Fields***, 197 A.3d 1217, 1222 (Pa.Super. 2018) (*en banc*), *appeal denied*, 651 Pa. 593, 206 A.3d 1025 (2019).

Instantly, the defects in Appellant's brief are substantial.  Appellant did not include a statement of questions presented to identify the specific issues he wishes to raise on appeal.  ***See*** Pa.R.A.P. 2116(a).  Further, Appellant's brief lacks a statement of jurisdiction, statement of the relevant standard and scope of review, and a comprehensible argument section.  ***See*** Pa.R.A.P. 2111(a), 2114, 2119.  Appellant's argument section consists only of a list of bald assertions of alleged errors committed by the PCRA court.  Appellant fails to provide any meaningful analysis or citation to relevant authority to demonstrate error in the PCRA court's decision that he was ineligible for PCRA relief because he was not currently serving a sentence of imprisonment, probation, or parole.  ***See*** Pa.R.A.P. 2119(a); ***Hardy, supra***.  Appellant's failure to comply with our procedural rules governing appellate briefs

precludes meaningful review and constitutes sufficient grounds to dismiss the appeal. **See** Pa.R.A.P. 2101; **In re Ullman, supra** (holding substantial deficiencies in appellant's brief warrant preclusion of judicial review).[4] Accordingly, we dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2021

---

[4] Moreover, we agree with the PCRA court that Appellant is not eligible for PCRA relief where he is no longer serving a sentence. **See** 42 Pa.C.S.A. § 9543(a); **Fields, supra**.