J-S08028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LARRY MITCHELL LUCAS | : | |
| | : | |
| Appellant | : | No. 1374 MDA 2023 |

Appeal from the PCRA Order Entered August 21, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000648-2022

BEFORE: OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:     **FILED: MARCH 22, 2024**

Larry Mitchell Lucas (Appellant) appeals, *pro se*, from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1] We affirm.

On June 2, 2022, Appellant entered a guilty plea to one count of simple assault.[2] That same day, the trial court sentenced Appellant to one year of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] On November 7, 2023, Appellant filed with this Court an application for relief requesting we compel the Commonwealth to provide discovery materials. Application for Relief, 11/7/23, at 1. For the reasons that follow, Appellant's request is denied as moot.

[2] 18 Pa.C.S.A. § 2701(a)(1).

probation to be served concurrently with any other sentence.[3]  Appellant did not file a direct appeal from his judgment of sentence, and he **completed his term of probation on June 2, 2023**.  Notice of Intent to Dismiss, 7/31/23, at 3 (unpaginated).

On June 2, 2023, Appellant filed a timely *pro se* PCRA petition.  Appellant claimed trial counsel was ineffective for failing to identify alleged procedural defects in his arrest warrant.  PCRA Petition, 6/2/23, at 5.  As this was Appellant's first PCRA petition, the PCRA court appointed counsel (PCRA counsel) to represent him.  **See** Pa.R.Crim.P. 904(C).  On July 28, 2023, PCRA counsel filed a motion to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), opining Appellant's claims lacked merit.  **See** Motion to Withdraw, 7/28/23, at 5-6 (unpaginated).

On July 31, 2023, the PCRA court granted PCRA counsel's motion to withdraw and notified Appellant of its intent to dismiss his petition without a hearing.  Notice of Intent to Dismiss, 7/31/23, at 3 (unpaginated); **see also** Pa.R.Crim.P. 907(1).  The PCRA court observed Appellant was no longer serving a sentence of probation for his conviction, which rendered him ineligible for PCRA relief.  **Id.**; **see also** 42 Pa.C.S.A. § 9543(a)(1)(i) (stating

---

[3] At the time of Appellant's guilty plea, Appellant was incarcerated in a state correctional institution (SCI) for a parole violation.  N.T., 6/2/22, at 3-4.

eligibility for relief under the PCRA is contingent on petitioner "currently serving a sentence of imprisonment, probation or parole for the crime" at the time relief is granted).

On August 18, 2023, Appellant filed a *pro se* response to the PCRA court's notice of intent to dismiss. He alleged PCRA counsel's no-merit letter failed to 1) list the claim Appellant wished to pursue, and 2) explain why Appellant's claim lacked merit. Response to Notice of Intent to Dismiss, 8/18/23, at 2. On August 21, 2023, the PCRA court dismissed Appellant's PCRA petition. Order, 8/21/23, at 1 (unpaginated). The PCRA court acknowledged Appellant claimed PCRA counsel's ineffectiveness, but noted "none of those claims address [the PCRA court's] determination that [Appellant] is ineligible for relief … because he is no longer serving the sentenced imposed at this docket." *Id.*

Appellant filed a timely notice of appeal.[4] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement. On October 9, 2023,

_____

[4] Appellant's notice of appeal was not docketed until September 29, 2023. Although facially untimely, *see* Pa.R.A.P. 903(a), Appellant is currently incarcerated and attached a postage slip from SCI Fayette demonstrating he placed his notice of appeal in the prison mail system on September 5, 2023. Notice of Appeal, 9/29/23, Attach. (SCI Fayette Postage Slip). Accordingly, Appellant's notice of appeal was timely filed under the prisoner mailbox rule. *See Commonwealth v. DiClaudio*, 210 A.3d 1070, 1074 (Pa. Super. 2019) (the "prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing" (citation omitted)).

the PCRA court filed a memorandum statement in lieu of opinion directing this Court to the PCRA court's July 31, 2023, notice of intent to dismiss.

Appellant raises the following issues on appeal:

I. Whether Appellant's notice of appeal was properly served and filed as evident [from] the record and supported by the conclusion rendered by the PCRA court?

II. Whether Appellant's first … [PCRA] petition [] was timely fil[ed] within the one year PCRA act statute requirements in place by the Pennsylvania legislature and precedent case law[] concerning Appellant's meeting the one year time period from Appellant's sentencing date of June 2, 2022?

III. Whether the PCRA court abused its discretion once Appellant addressed the Commonwealth's failure to official[ly] charge, arrest, fingerprint and photograph Appellant and committed an error of law, when the PCRA court dismissed Appellant's timely filed first initial review [PCRA petition], after invoking jurisdiction and after accepting a deficient "no-merit" letter concerning Appellant's probationary period expiring, dismissed the PCRA [petition] when there is no legislative wording or controlling legal language or current case law to support the PCRA['s] language that permits a timely PCRA petition filed on day one or the last day of the one year requirement to legally dismiss Appellant's timely constitutionally filed PCRA petition?

Appellant's Brief at 1 (capitalization modified).

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Hand**, 252 A.3d 1159, 1165 (Pa. Super. 2021) (citation omitted).

Before addressing the substantive merits of Appellant's issues, we first determine whether he is eligible for PCRA relief. To be eligible for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that

he or she is "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i). "Case law has strictly interpreted the requirement that the petitioner be currently serving a sentence for the crime to be eligible for relief." **Commonwealth v. Plunkett**, 151 A.3d 1108, 1109 (Pa. Super. 2016). "As our Supreme Court has explained, as soon as his sentence is completed, a PCRA petitioner becomes ineligible for relief." **Commonwealth v. Gillins**, 302 A.3d 154, 160 (Pa. Super. 2023) (citing **Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997)).

> Further,
>
> [t]he "requirements set forth in [S]ection 9543 establish only a petitioner's eligibility for post-conviction relief, and do not implicate the PCRA court's jurisdiction to act on a petition." **Commonwealth v. Fields**, 197 A.3d 1217, 1223 (Pa. Super. 2018) (*en banc*). Nevertheless, "our Supreme Court has held that **even if a petitioner is serving a sentence when a PCRA petition is filed, the petitioner cannot obtain relief under the PCRA once the sentence has expired**." **Commonwealth v. Auchmuty**, 799 A.2d 823, 825 (Pa. Super. 2002) (citing []**Ahlborn**, [] 699 A.2d 718 (1997)).

**Commonwealth v. Bieber**, 283 A.3d 866, 873 (Pa. Super. 2022) (emphasis added). "[D]ue process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence." **Commonwealth v. Turner**, 80 A.3d 754, 765 (Pa. 2013).

Instantly, the trial court sentenced Appellant to one year of probation, effective June 2, 2022. Appellant's sentence thus expired on June 2, 2023. **See** Appellant's Brief at 10 (conceding his term of probation has expired). The PCRA court correctly determined Appellant is ineligible for relief under the

PCRA, as he is no longer serving his sentence at the instant docket. **See** 42 Pa.C.S.A. § 9543(a)(1)(i); **see also Bieber**, 283 A.3d at 873. As Appellant is ineligible for PCRA relief, we discern nor error or abuse of discretion by the PCRA court in dismissing his petition.

Order affirmed. Application for relief denied as moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/22/2024