J-S35041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN FREDERICK SIMPSON | : | |
| | : | |
| Appellant | : | No. 465 MDA 2025 |

Appeal from the PCRA Order Entered February 25, 2025
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-SA-0000047-2023

BEFORE:  OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED: NOVEMBER 12, 2025**

John Frederick Simpson ("Simpson") appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

Given our disposition, a detailed factual and procedural history is unnecessary.  Briefly, in August 2023, Simpson went to the home of his ex-girlfriend, Jessica Glover ("Glover"), to return a box of her possessions.  During the encounter, an argument ensued during which Simpson grabbed Glover's cell phone.  When she attempted to retrieve it, Simpson grabbed her, held her by her neck while he slammed her against the wall of her home, and then pinned her against the wall with his forearm under her chin.  Glover struggled against Simpson and the two fell onto the porch, with Simpson

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

landing on top of Glover and knocking the breath out of her. Glover eventually managed to grab her cell phone and escape into her home, locking the door behind her. Simpson remained outside, verbally attempting to convince Glover to let him into her home. She repeated told him to leave. Simpson continued to make verbal requests and then sent text messages before finally leaving the property. Glover, who sustained scrapes and bruises during the altercation, obtained a protection from abuse order against Simpson.

On October 23, 2023, a magisterial district judge found Simpson guilty of one count of harassment. Simpson appealed his conviction to the Huntingdon County Court of Common Pleas. On June 26, 2024, following a summary appeal trial at which Simpson was represented by counsel, the trial court convicted Simpson of one count of harassment. The trial court proceeded immediately to sentencing. Importantly, the trial court did not order Simpson to serve any sentence of imprisonment, probation, or parole. Instead, the trial court merely ordered Simpson to pay a fine and court costs. Simpson filed a timely notice of appeal; however, this Court dismissed his appeal on November 26, 2024, for his failure to file an appellant's brief. Simpson did not seek further review by our Supreme Court.

On February 19, 2025, Simpson filed the instant, timely[2] *pro se* PCRA petition.[3]  The PCRA court did not appoint counsel for Simpson.  Instead, on February 25, 2025, the PCRA court entered an order dismissing the petition on the basis that Simpson was ineligible for any type of relief under the PCRA because he was sentenced to pay a fine and costs only.  **See** PCRA Order, 2/25/25, at unnumbered 1-2; **see also** 42 Pa.C.S.A. § 9543(a)(1) (providing that, to be eligible for relief under the PCRA, the defendant must be "serving

_____

[2] Under the PCRA, a petition must be filed within one year of the date on which the judgment of sentence becomes final.  **See** 42 Pa.C.S.A. § 9545(b)(1).  A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania and the United States Supreme Court, or at the expiration of time for seeking such review.  **See** 42 Pa.C.S.A. § 9545(b)(3).  As indicated above, Simpson filed a direct appeal; however, this Court dismissed his appeal on November 26, 2024, for failure to file a brief.  As such, his judgment of sentence became final thirty days later, on December 26, 2024, when he failed to file a petition for allowance of appeal in our Supreme Court.  **See Commonwealth v. Alcorn**, 703 A.2d 1054, 1056 (Pa. Super. 1997) (noting that the judgment of sentence became final after this Court dismissed the appellant's direct appeal for failure to file a brief, and the appellant failed to seek further review by our Supreme Court); **see also** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a) (providing that a petition for allowance of appeal shall be filed within thirty days after the entry of the order of the Superior Court).  As a result, Simpson had one year from that date, until December 26, 2025, to timely file a PCRA petition.  **See** 42 Pa.C.S.A. § 9545(b)(1).  As the instant petition was filed on February 19, 2025, it is timely.

[3] The PCRA court observed that Simpson's *pro se* "petition runs some fifteen single-spaced pages and covers not only the evidence offered at trial but seeks to enter a litany of irrelevant evidence regarding . . . Glover's personal history in an attempt to 'prove' that she is a liar, along with making broad and baseless claims of misconduct by the trial court (primarily regarding the admission of evidence) and the prosecution."  PCRA Court Statement, 6/10/25, at 2.

a sentence of imprisonment, probation or parole for the crime"). Simpson filed a *pro se* motion for reconsideration and several other *pro se* motions, all of which the PCRA court denied. On April 3, 2025, Simpson filed a notice of appeal. The PCRA court did not order Simpson to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, the court authored a statement in lieu of a Rule 1925(a) opinion. In this court, Simpson filed a *pro se* appellant's brief. Additionally, Simpson has filed numerous and repetitive *pro se* motions in this Court, to the point that this Court entered an order prohibiting him from filing any further requests for relief.

In his *pro se* brief, Simpson does not include a statement of questions involved, as required by Pa.R.A.P. 2116(a). Nonetheless, he discusses numerous issues in the argument section of his brief.

Preliminarily, we must address the timeliness of this appeal since it implicates our jurisdiction. **See Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc)*. Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal. **See Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011). Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. **See Commonwealth v. Valentine**, 928 A.2d 346, 349 (Pa. Super. 2007). Absent extraordinary circumstances, this Court has no jurisdiction to entertain

an untimely appeal. ***See Commonwealth v. Burks***, 102 A.3d 497, 499-500 (Pa. Super. 2014).

Here, the PCRA court entered an order dismissing Simpson's petition on February 25, 2025. Simpson had thirty days from that date, or until March 27, 2025, to file his notice of appeal. ***See*** Pa.R.A.P. 903(a) (providing that "the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken). However, Simpson did not file his notice of appeal until April 3, 2025. Thus, it is patently untimely.

Ordinarily, such a failure to file a timely notice of appeal would result in immediate quashal of the appeal. ***See*** Pa.R.A.P. 903(a). However, the record before us reveals that the PCRA court did not adequately comply with the notice and service requirements of Pa.R.Crim.P. 907(4) when it dismissed the subject PCRA petition. Rule 907(4) provides that "[w]hen the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by ***certified mail***, ***return receipt requested***, ***of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed***." Pa.R.Crim.P. 907(4) (emphasis added).

Rule 907 additionally provides that such order must be served in accordance with Pa.R.Crim.P. 114. ***See*** Pa.R.Crim.P. 907(4). Relevantly, Rule 114 requires that upon receipt of an order, the clerk of courts office must promptly make a docket entry which must contain: "(a) the date of receipt in

the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice." Pa.R.Crim.P. 114(C). Furthermore, pursuant to Pa.R.A.P. 108(a)(1), the day of the entry of an order on the docket is regarded as the day the clerk mails or delivers copies of the order to the parties.

Here, the February 25, 2025 order dismissing Simpson's PCRA petition did not advise him of his appellate rights or the time frame in which he was required to file an appeal. *See* PCRA Order, 2/25/25, at unnumbered 1-2. Moreover, the criminal docket does not indicate that service of the order was made to Simpson by "certified mail, return receipt requested," as Rule 907 requires. Instead, the docket merely indicates that the order was "served" and references "eService." More troubling is that the docket entry lists only the Huntingdon County District Attorney's Office and makes no reference whatsoever to Simpson. Therefore, there is no indication in the docket as to when the clerk of courts sent Simpson a copy of the dismissal order, let alone that he was served with the order by certified mail, return receipt requested, and notified of his right to file an appeal and the time within which to do so.

Under these circumstances, we decline to quash Simpson's appeal as untimely due to the PCRA court's failure to follow the directives of Rule 907(4) and Pa.R.Crim.P. 114(C), and to inform Simpson of his direct appeal rights. *See Commonwealth v. Alvin*, 328 A.3d 78, 82 n.2 (Pa. Super. 2024) (declining to quash appeal as untimely where the PCRA court failed to notify

appellant of the dismissal of his PCRA petition via certified mail, as required by Pa.R.Crim.P. 907(4)); *see also **Commonwealth v. Midgley***, 289 A.3d 1111, 1116 (Pa. Super. 2023) (stating where trial court docket in criminal case does not indicate service on party or date of service, as required by Pa.R.Crim.P. 114(C), we will not quash appeal or require further proceedings; rather, we will treat time in which to take appeal as never having started to run and treat appeal as timely); ***Commonwealth v. Khalil***, 806 A.2d 415, 421 (Pa. Super. 2002) (concluding that "[w]e are unable to ignore the failure of the trial court to inform [a]ppellant of his appeal rights, and we are constrained to find that it was the breakdown of the processes of the trial court that caused [a]ppellant's untimely appeal"). Accordingly, we deem the appeal as timely filed.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

- 7 -

Before we may address the issues raised by Simpson on appeal, we must first determine whether he is eligible for relief under the PCRA. Notably, the petitioner bears the burden of pleading and proving by a preponderance of the evidence that he is eligible for relief under the PCRA. **See** 42 Pa.C.S.A. § 9543(a). As related to the instant case, one of the requirements for PCRA relief is that the petitioner must still be serving the sentence for the conviction in question. Specifically, the PCRA provides as follows:

**(a) General rule**.—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) ***currently serving a sentence of imprisonment, probation or parole for the crime***[.]

42 Pa.C.S.A. § 9543(a)(1)(i) (emphasis added). A petitioner becomes ineligible for PCRA relief once he is no longer serving his sentence, regardless of whether he was serving it when the petition was filed, or he was in the midst of appealing a PCRA court order when the sentence expired. **See** ***Commonwealth v. Plunkett***, 151 A.3d 1108, 1112-13 (Pa. Super. 2016).

In his brief, Simpson asserts that "Pennsylvania courts have granted PCRA relief in multiple cases where the . . . penalty imposed was solely a fine." Simpson's Brief at 7. In support of his argument, Simpson cites to five decisions purportedly issued by this Court. **See id**. at 7-8. Simpson insists

that these cases "illustrate that PCRA relief has been afforded to individuals facing only a summary charge and a monetary penalty including the exact same charges and circumstances." *Id*. at 7.

However, our attempts to locate all but one of the cases cited by Simpson have been unsuccessful, as the citations he provided are incorrect. Four of the citations provided by Simpson directed this Court to the middle of cases with different names than indicated by Simpson, and all of which were wholly unrelated to the narrow issue presented herein. Moreover, one case was issued by the Commonwealth Court, while the other three were from other jurisdictions. The only case for which Simpson provided an accurate citation was **Commonwealth v. Fields**, 197 A.3d 1217 (Pa. Super. 2018) (*en banc*), wherein this Court reaffirmed the principle that a PCRA court lacks jurisdiction to grant any PCRA relief if the petitioner is no longer serving a sentence of imprisonment, probation, or parole. **See id**. at 1222.

In any event, our review of the record supports the PCRA court's determination that Simpson was ineligible for PCRA relief. Upon Simpson's conviction for summary harassment, the trial court did not impose a sentence of imprisonment, probation, or parole. Instead, the trial court merely imposed a fine and costs. Consequently, Simpson was never eligible for PCRA relief. **See** 42 Pa.C.S.A. § 9543(a)(1)(i); **see also Commonwealth v. James**, 771 A.2d 33, 35-36 (Pa. Super. 2001) (noting that "the PCRA does not afford relief to petitioners whose only outstanding sentence is the payment of a fine");

*Commonwealth v. Fisher*, 703 A.2d 714, 717 (Pa. Super. 1997) (holding that section 9543(a)(1)(i) precludes relief for those petitioners whose only uncompleted aspect of their sentence is the payment of a fine); *Commonwealth v. Sowers*, 311 A.3d 567 (Pa. Super. 2023 (unpublished memorandum at *9) (concluding that because appellant's sentence was limited to a fine, he was therefore ineligible for PCRA relief).[4]

Finally, we address the PCRA court's decision not to appoint counsel for Simpson. As this was Simpson's first PCRA petition, we would ordinarily be required to remand for the appointment of counsel. This is because our Rules of Criminal Procedure require that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C). A violation of this rule-based right to counsel requires a remand, even if the petition is facially untimely. *See Commonwealth v. Stossel*, 17 A.3d 1286, 1288 (Pa. Super. 2011) (remanding for appointment of counsel despite petition's facial untimeliness); *Commonwealth v. Albrecht*, 720 A.2d 693, 699 (Pa. 1998) (holding that "[t]he denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel"). However, a

---

[4] An unpublished non-precedential memorandum decision of the Pennsylvania Superior Court, filed after May 1, 2019, may be cited for its persuasive value. *See* Pa.R.A.P. 126(b)(1)-(2).

petitioner's statutory ineligibility for relief is an exception to this procedure, as follows:

> This [C]ourt has held that the failure to appoint counsel for a petitioner under the PCRA who has served his sentence is harmless error, and that a remand for appointment of counsel is not appropriate, as a remand would be futile under such a circumstance. The purpose for appointing counsel for a first-time petitioner, even where the petition appears to be untimely filed, is for the petitioner to attempt to establish an exception to the one-year time limitation. Obviously, where the petitioner is no longer serving a sentence of imprisonment, probation or parole, establishing such an exception is a legal impossibility, as the statute no longer applies. The law does not require the performance of a futile act.

**Commonwealth v. Hart**, 911 A.2d 939, 942 (Pa. Super. 2006) (citations omitted).

As explained above, Simpson was statutorily ineligible for relief under the PCRA because the trial court did not impose a sentence of imprisonment, probation or parole. Instead, the trial court imposed only a fine and costs. Therefore, Simpson's statutory ineligibility does not require a remand for the appointment of counsel under Rule 904. **See id**.; **see also Sowers**, 311 A.3d 567 (Pa. Super. 2023 (unpublished memorandum at *9) (concluding that, because appellant's sentence was limited to a fine, his statutory ineligibility did not require a remand for the appointment of counsel under Rule 904).[5]

---

[5] We note that, in **Commonwealth v. Delgros**, 183 A.3d 352, 353 (Pa. 2018), our Supreme Court announced that the statutory inability to seek PCRA relief from a sentence imposing only a fine warranted an exception to the general rule that collateral claims cannot be raised on direct appeal. **See id**.
*(Footnote Continued Next Page)*

- 11 -

In sum, we conclude that because Simpson failed to plead and prove his eligibility for relief under the PCRA, the PCRA court lacked jurisdiction to address the petition. Accordingly, we affirm the PCRA court's order dismissing the petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/12/2025</u>

---

at 361 (requiring trial courts to address claims of ineffective assistance of trial counsel raised in post-sentence motions where the defendant is statutorily ineligible for PCRA relief). Such circumstances are not present in the case at bar. Moreover, the **Delgros** Court noted that its holding did not disturb cases construing the PCRA's eligibility provisions. **Id**. at 362-63.